IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF FRANKLIN,

### ARGUED AT JUNE TERM, 1842.

## SAMUEL HILTON *versus* JOHN DINSMORE.

If a promise by the defendant to pay the previously existing debt of a third person, be grounded upon the consideration of funds placed in his hands by the original debtor, with a view to the payment of this debt, as well as upon an agreement on the part of the plaintiff to forbear to sue, it is an original undertaking, and not necessarily to be evidenced in writing.

But it is denied, that a promise to pay the prior debt of another, on the consideration merely of forbearance to enforce payment, is valid, unless the promise be in writing.

ASSUMPSIT. In one count in the writ, the plaintiff alleged, that John Dryden was indebted to him for the balance due on two promissory notes; that on, &c., the defendant, in consideration that Dryden had put property into his hands for that purpose, and in consideration that the plaintiff would forbear to sue said notes, promised to pay the same notes to the plaintiff; that he did forbear to sue Dryden, of which the defendant had notice, and thereby became liable, and in consideration thereof promised to pay the amount due on the Dryden notes to the plaintiff. The facts are stated in the opinion of the Court.

At the trial, a nonsuit was directed, which was to be set aside, if the plaintiff was entitled to recover.

*H. Belcher,* for the plaintiff, contended : —

1. The promise made in this case was made on a good consideration, and does not come within the statute of frauds. It need not, therefore, be in writing. *King* v. *Upton,* 4 Maine R. 387 ; *Russel* v. *Babcock,* 14 Maine R. 138 ; Roberts on Frauds, 232.

2. We claim to recover also on the ground, that the defendant had received property from the original debtor to pay this debt, and had the same in his hands for that purpose at the time the promise was made. *Smith* v. *Berry,* 18 Maine R. 122 ; *Packard* v. *Richardson,* 17 Mass. R. 122.

*R. Goodenow,* for the defendant, said this could not be an original promise, because the notes against Dryden were not given up, and the right to maintain a suit upon them against him remained unimpaired.

It was therefore a mere collateral promise to pay the debt of Dryden, made while that debt was in existence, and was so to continue. The promise relied on, not being in writing, comes within the statute of frauds, and the plaintiff is not entitled to recover upon it. Our statute is the same in substance as the English statute of frauds, and the construction should be the same. *Wain* v. *Warlters,* 5 East, 10 ; *Saunders* v. *Wakefield,* 4 B. & Ald. 595.

The cases of *Packard* v. *Richardson,* and *King* v. *Upton,* cited for the plaintiff, merely go to say, that the *consideration* for the promise need not be stated in the writing, but affirm the doctrine, that the promise itself must be. If the promise be to pay the debt of another, it must be in writing, or it is void. *Stone* v. *Symmes,* 18 Pick. 467. In the present case the plaintiff gave up nothing, promised nothing, and suffered no injury. It was merely advice gratuitously given by the defendant to the plaintiff ; and the plaintiff must also fail, because there was no consideration for the promise, had it been made in the mode required by law.

The opinion of the Court was afterwards drawn up by

WHITMAN C. J. — It appears in this case, that the plaintiff

held certain notes of hand against one John Dryden; and proved that after they became due, the defendant sent him word, that "Dryden had put property into his hands, wherewith he could help him to his pay ; and that he would do it, if he would not sue the notes." The plaintiff replied to the messenger, that "he would be easy, as he thought Dinsmore was good." Of this the defendant was soon after informed by the same messenger.

The plaintiff did not sue Dryden, but after waiting a reasonable time, and not receiving his pay from either Dryden or the defendant, he called upon Dryden, without effect, for security ; but received from him, at different times, small portions of the amount due ; and finally, to recover the residue, commenced this action against the defendant, upon the promise made by him as before stated. The defence is, that under the statute of frauds, the promise, not being in writing, was nugatory.

The decisions upon this branch of the statute have been such as to render it somewhat difficult to ascertain, with precision, the rule to be applied to the ever varying circumstances attending the different cases arising under it, or seeming to be referable to it. Mr. Chief Justice Kent, in *Leonard* v. *Vredenburgh*, 8 Johns. R. 39, has undertaken to distribute the decided cases into three classes. The first is composed of collateral undertakings, coincident with, and founded upon the original consideration and promise; the second, of undertakings subsequent to the original indebtment; and the third, arising out of some new and original consideration of benefit or harm, moving between the newly contracting parties. The two first he considers to be within the statute of frauds ; but that the last is not.

To support a promise in either case there must be some consideration of advantage to one, or detriment to the other of the parties to the collateral undertaking. In the second class, it would seem, a consideration may consist of delay or forbearance or other inconvenience to the creditor, or slight incidental advantage to the promissor. But in every such case

the promise must be evidenced by writing. 1 Saund. 211, note, *Watson* v. *Randall*, 20 Wend. 201; *Stone* v. *Symmes*, 18 Pick. 467; *Farley* v. *Cleveland*, 4 Cowen, 432, and 9 ib. 639.

The case of *Russel* v. *Babcock*, 14 Maine R. 138, may seem to sanction a different doctrine. The undertaking in that case was not evidenced by writing, yet Mr. Justice Emery, in delivering the opinion of the Court, is reported to have said, that "the engagement of the defendant is to be deemed an original undertaking, on consideration of forbearance, most liberally extended to pay the debt of Sprague." If this was in reality the ground of decision in that case, and the abstract of the reporter is to that effect, we should be constrained to say, that it is unsupported by the authorities. But the case contains a statement of other grounds, which might have influenced the decision. Those were, that the defendant, after the commencement of the suit, had said "he should lose nothing as Sprague had made him secure. From this it may have been considered as inferrable, that at the time of the promise to pay the debt, he had received of the debtor funds with which to pay it; and that this was the real consideration for the promise. If so, it might come within the third of the classes of Chief Justice Kent, arising out of some new and original consideration of benefit, &c. and be supported upon the authority of the case of *Farley* v. *Cleveland*, and cases therein cited.

The result of those cases, summed up, and elaborately considered by Mr. Chief Justice Savage, would seem to be, that, if the defendant had received a valuable consideration for the purpose from either party, distinct from and independent of that of the original debt, and, thereupon, had promised payment, it would be an original undertaking, and not necessarily to be evidenced by writing; as in the case of being furnished with funds for the purpose of paying the debt; or where the plaintiff, having a lien upon property to secure his debt relinquished it to the benefit of the person promising to pay it; or

where the debtor, in consideration of the promise, had been discharged.

The case at bar must fall into this class; otherwise the plaintiff cannot recover; for the promise relied upon was after the indebtment, and was not in writing. The question then is, was the promise of the defendant grounded upon the consideration of funds placed in his hands by the original debtor with a view to the payment of this debt, as well as upon an agreement on the part of the plaintiff to forbear to sue ? There was evidence in the case which might have tended to show, that funds were so placed in his hands. This evidence consisted of admissions on his part supposed to be to that effect. If from these the jury might have inferred such a fact; and should have been satisfied that there was the promise to pay, relied upon by the plaintiff, their verdict might have been for the plaintiff; and looking at the evidence as reported we do not think it certain that they might not have so found.

The nonsuit therefore must be taken off; and the action will stand for trial.