[Byrd v. Hickman.]

# Byrd *v.* Hickman.

### *Assumpsit.*

(Decided Feb. 18, 1909.  48 South. 669.)

*Frauds; Statute of; Promise to Pay Debt of Another.*—A promise to pay another's debt, based on no other consideration than the creditor's forbearance to press the original debtor, is a collateral undertaking within the statute of frauds, and not an original obligation on the part of the promisor.

APPEAL from Geneva County Court.

Heard before Hon. ALBERT E. PACE, Special Judge.

Assumpsit by P. N. Hickman against R. E. Byrd. From a judgment for plaintiff defendant appeals. Reversed and remanded.

C. D. CARMICHAEL, for appellant. The promise was within the statute of frauds and was not binding on Byrd.—*Westmoreland v. Porter,* 75 Ala. 453; *Webb v. Hawkins,* 101 Ala. 630; *Lindsey v. McRae,* 101 Ala. 630; *Clark v. Jones,* 85 Ala. 127; 9 Cyc. 347; *Johnson v. Sellers,* 33 Ala. 365; *Morrell v. Quarles,* 35 Ala. 544; 98 Ala. 473; *Reid v. Rowan,* 107 Ala. 366; *Altman & Co. v. Fletcher,* 110 Ala. 452. On the authorities above cited the court erred in the admission of testimony.

W. O. MULKEY, for appellee. It was not necessary to declare specially upon the contract made as there was no duty to be performed except the payment of the money by the defendant to the plaintiff, and the evidence tended to support the 1st count of the complaint.—*Holloway v. Tolbert,* 70 Ala. 389; *Jones v. King,* 81 Ala. 385; *Stafford v. Sidney,* 106 Ala. 189. The promise made by defendant to Mrs. Lewis to pay the debt which

she owed plaintiff was supported by a valuable consideration and inured to the benefit of the defendant on which he could maintain an action.—*Huckabee v. May*, 14 Ala. 263; *Moore v. First Nat. Bank*, 139 Ala. 595; *Mason v. Hall*, 30 Ala. 599; *Coleman v. Hatcher*, 77 Ala. 217; *Dimmick v. Register*, 92 Ala. 458; *Potts v. First Nat. Bank*, 102 Ala. 286.

McCLELLAN, J.—The plaintiff (appellee) as a witness thus states the alleged engagement between himself and the defendant, Byrd, upon which is predicated his complaint, composed of a common count and one averring liability arising from the special promise: "I held a note and mortgage on Mrs M. J. M. Lewis, executed by her and her husband to me for a loan of money to Mrs. Lewis, executed on the 6th day of March, 1906, for $120.70 and due the 1st of October, 1906." After telephonic inquiry and negotiations, there being no writing in the premises, between plaintiff and defendant, in which plaintiff declared that he could not wait on the mortgagees another year, plaintiff, testifying, proceeds: "* * * Defendant resumed his conversation with me, * * * and said that if I could wait on the Lewises for said amount until January 1, 1907, and look to the Lewises for the interest between October 1st and January 1st, he would taken the matter up on January 1st. I then said, 'On your promise to pay it on January 1st I will wait.' To this defendant said to me, 'All right,' and we each rang off. * * *" There was testimony introduced the tendency of which was to show that defendant, prior to the quoted agreement, induced Mrs. Lewis to pay him $75 on her indebtedness to him on the assurance that he would help her pay the debt to plaintiff when it matured. The court, however, at the instance of the defendant, instructed the jury specially that they

could not predicate a finding for plaintiff upon the promise alleged to have been made by defendant to Mrs. Lewis. The Statute of frauds (Code 1896, § 2152, subd. 3) was pleaded, and was, in our opinion, sustained, as appears from the quotation from the testimony of the plaintiff himself, in the light of the status created by the giving of the special instruction referred to. It is unnecessary for us to enter upon any extended discussion of this phase of our statute of frauds. It will suffice here to briefly state the reason for the conclusion just announced.

The only question, in this aspect of the case, is: Was the agreement detailed by plaintiff within the statute; or, more minutely stated, was it a new and independent agreement, between plaintiff and defendant, based upon a new and independent consideration, to which the payment of the Lewis debt was a mere incident? If it was not a new and independent agreement, the statute is offended in the failure to reduce it to writing as the statute requires. It is perfectly evident that the Lewis obligation was not discharged, or the debtors released, in any sense; for the agreement detailed prescribed that plaintiff should look to the debtors for the interest on the debt in the interim between October 1st and January 1st. And it is just as evident that the only consideration to support the agreement, between plaintiff and defendant, to pay the Lewis debt, was the forbearance by plaintiff to enforce payment of his debt against the debtors until January 1st. That such a forbearance is a consideration capable of supporting a contract to pay another's debt, and also that a contract to pay another's debt importing that consideration only is within, and, if not in requisite writing, condemned by, the statute of frauds, was expressly decided by this court in *Westmoreland v. Porter,* 75 Ala. 452. Therein it is said: "While

the forbearance of a creditor to enforce his demand is undoubtedly a sufficient consideration for the guaranty of the debt of another, yet it is precisely one of that class of considerations which is required by the statute to be expressed in the written agreement, and is uniformly held not to take the defendant's promise out of the influence of the statute."—*Musick v. Musick,* 7 Mo. 495; *Hilton v. Dinsmore,* 21 Me. 410; *Martin v. Black,* 21 Ala. 721. Such a forbearance does not evidence a new and independent contract from that of the original obligation to the creditor. It is a mere collateral undertaking to pay the debt of Lewis in this instance, and hence within the statute.

As indicated, we take no account, in attaining the conclusion stated, of the alleged promise, both affirmed and denied in the testimony, of the defendant to Mrs. Lewis. See *Hilton v. Dinsmore,* 21 Me. 410; Browne's St. Frauds, § 187, § 212, and notes.

The judgment is reversed, and the cause is remanded.

ANDERSON, DENSON, and SAYRE, JJ., concur. DOWDELL, C. J., and SIMPSON, J., dissent.