(75 South. 906)

TROTTER BROS. v. DOWNS.   (8 Div. 969.)

(Supreme Court of Alabama.   May 10, 1917.)

1. CANCELLATION OF INSTRUMENTS ⊂⇒15 — MORTGAGE—ADEQUATE REMEDY AT LAW.
   That the mortgage sought to be canceled was fully paid, and that the mortgagor could have given notice to the mortgagees to cancel the mortgage of record, and on their failure so to do could recover a penalty, did not exclude all equitable relief.
   [Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 14, 21.]

2. HUSBAND AND WIFE ⊂⇒171(1)—MORTGAGE OF WIFE'S PROPERTY—VALIDITY.
   Under Code 1907, § 4497, providing that "the wife shall not directly or indirectly become the surety for the husband," the wife cannot indirectly become surety for the husband by mortgaging her property to secure money with which to pay his debt.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 671, 672, 674, 721, 950, 951.]

3. HUSBAND AND WIFE ⊂⇒171(6)—MORTGAGE OF WIFE'S PROPERTY—VALIDITY.
   Under Code 1907, § 4497, providing that "the wife shall not directly or indirectly become the surety for the husband," any mortgage on wife's lands to secure the debt of her husband is void, and her failure to take steps to set it aside, or her ratification of it, would not make it valid.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 674, 678, 950, 951.]

4. HUSBAND AND WIFE ⊂⇒171(9)—MORTGAGE OF WIFE'S PROPERTY—VALIDITY.
   A mortgage executed by a wife as surety for her husband will be held valid to the extent that it was given to secure her separate debt.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 674, 681, 950, 951.]

Appeal from Chancery Court, Marshall County; James E. Horton, Jr., Chancellor.

Bill by Susan M. Downs against Trotter Bros. From the decree entered, respondents appeal. Affirmed.

D. Isbell, of Guntersville, for appellants. John A. Lusk & Son, of Guntersville, for appellee.

The cause was submitted and considered under rule 46 (65 South. vii), and the opinion of the court was delivered by Mr. Justice MAYFIELD:

Appellee filed her bill to have canceled a mortgage given by her and her husband to appellants, on the ground that it was given in violation of our statute (Code, § 4497)— that is, that the wife mortgaged her property thereby to secure a debt of the husband. The respondents answered the original bill, denying all the asserted equity thereof, and alleging that the mortgage (which was referred to and made a part of the bill) had been fully settled and satisfied by the giving of a new mortgage (which was made an exhibit to the cross-bill), and further alleging that the demand was past due, and that the mortgage given was to secure a debt of the wife and not a debt of the husband, and praying that the mortgage be foreclosed. The complainant answered the cross-bill, denying the allegation that the last mortgage was given to secure her debt, alleging that it was given to secure both old and new indebtedness of her husband, and praying that it be canceled.

On final hearing on bill, cross-bill, answers, and proof offered by both parties, the chancellor awarded partial relief—cancellation of the first mortgage. But as to the last mortgage the chancellor found that it was given mainly to secure the debt of the husband —that is to say, the demand secured by the first mortgage—but that it was given also to secure, inclusively, a separate debt of the wife, and that to this last-mentioned extent the last mortgage was a valid security. The chancellor thereupon ordered the register to ascertain what exact proportion of the secured debt was the debt of the wife, and decreed that the mortgage should not be canceled until this amount was paid to the mortgagees or their assigns, but that, when it should be so paid, the second mortgage, as well as the first, should be canceled. From this decree appellants, respondents to the original bill, bring this appeal, and here assign appropriate errors to review the findings, including that part of the decree which was adverse to them.

[1] It is first insisted that the original bill was without equity, because it was conceded, and not denied, that the original mortgage sought to be canceled was fully paid, and was therefore not a lien or an incumbrance upon complainant's title; that, it being fully paid, our statute revested the title in complainant, the mortgagor; that, as cancellation of this mortgage was the only re-

lief sought, the original bill (so being without equity) should on final hearing have been dismissed. If these facts be conceded, we do not think the conclusion follows that the bill should have been dismissed. While, of course, the mortgagor could have given notice to the mortgagees to cancel the mortgage of record, and, on their failure so to do, could have recovered $200 as penalty for such failure, yet this was not the only relief available, nor did the fact of its availability exclude all equitable relief, such as canceling the mortgage and the record thereof, so as to remove all cloud from complainant's title to the land so mortgaged.

[2] It is next insisted that the entire consideration of the last mortgage was the wife's assumption of the debt of her husband, with stipulation for time in which to pay it, and for credit thereafter to be extended to her, individually, and, consequently, that it was no longer the debt of the husband, but that of the wife; that she was not thereafter surety as to any part of the consideration, but principal as to all; that the same rules should be applied to the consideration for the second mortgage that are applied to the statute of fraud cases, where one person agrees to pay the debt of another, for and on account of a new consideration moving from the creditor to the original debtor or to the new and substituted debtor. The asserted principle of law is something like this: Where, for a consideration moving from a debtor, or for a detriment suffered by a debtor, another engages with the debtor to pay a debt to the debtor's creditor, the agreement is not within the statute of frauds, as the engagement is independent, and supported by a new consideration. Byrd v. Hickman, 167 Ala. 351, 52 South. 426. The assignment of a rent note to a creditor of an assignor on such creditor's promise to pay a debt of the assignor to a third person is a good consideration for the promise, if such assignment and delivery was not merely a payment of the assignor's debt to the creditor. Byrd v. Hickman, 167 Ala. 351, 52 South. 426.

We are not willing to apply this principle to promises of the wife to pay, or to secure, the debt of the husband. While we have held that she may, if she desire, pay her husband's debt, or sell her property in consideration of paying his debt, yet she cannot indirectly become surety for his debt, or for him, by mortgaging her property to secure money with which to pay his debt. This may seem to be a distinction without a difference, yet it is often made, and the law is well settled in support of its soundness, and the statutes have been readopted with this construction placed upon them. It has become a rule of property in this state, and we are not willing to now depart therefrom. If the appellant's contention in this respect is the law, and we should follow it, the way is clearly pointed out by this decision how the statute may be avoided, and yet the statute says that the wife shall not directly or indirectly become the surety for the husband's debt. If the complainant here should be required to pay this debt in toto, then under the undisputed evidence she could recover back from her husband what she had paid in that behalf, on the theory of being a surety who has been compelled to pay the debt of her principal. This being true, the statute would undoubtedly be violated by compelling the wife to pay this original debt secured by the first mortgage.

[3] Our statute does not merely confer on the wife the right to plead her coverture to such conveyances, but provides that "the wife shall not, directly or indirectly, become the surety for the husband." Code, § 4497. If she is absolutely prohibited from making such an instrument, it necessarily follows that any attempt to do so is not merely voidable, but void. If so, it is difficult to see how her failure to take any steps to set aside the instrument, or even her ratification of it, could rise above the instrument itself and impart validity to it. This court has frequently declared all such attempts to be void. See Lansden v. Bone, 90 Ala. 446, 8 South. 65; Evans v. Faircloth, 165 Ala. 178, 51 South. 785, 21 Ann. Cas. 1164. Where it is clear that the transaction is different from what it purports to be, where the parties move circuitously to the end in view, as if to evade the statute, and where the true intent and meaning of what the wife does is to give her obligation, payable in the future and secured by a mortgage, to the husband's creditor—all facts established in this case—the necessary effect is to constitute the wife's note and mortgage a collateral security for the husband's debt. The language of the statute is that "the wife shall not, directly or indirectly, become the surety for the husband"; and equity's invariable process is to look through the form to the substance. No superficial appearance will be permitted to lead the court away from the true inwardness of the case. When this transaction is so considered, it must be condemned as an evasion of the statute, or the statute itself must be nullified. Lamkin v. Lovell, 176 Ala. 334, 339, 58 South. 258.

[4] The rule and practice pursued by the chancellor, of allowing the mortgage to stand valid to the extent that it was given to secure the separate debt of the wife, and declaring it void to the extent that it was given to secure the separate debt of the husband, has been approved and adopted by this court. See Mills v. Hudmon & Co., 175 Ala. 453, 57 South. 739; Staples v. City Bank & T. Co., 194 Ala. 687, 70 South. 115.

We fully concur with the chancellor in all of his holdings, and find no reason for reversing or modifying the decree rendered.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.