(75 South. 908)

JACKSON v. MARTIN.  (8 Div. 933.)

(Supreme Court of Alabama.  May 10, 1917.
Rehearing Denied June 7, 1917.)

Appeal from Chancery Court, Lawrence County; James E. Horton, Jr., Chancellor.

Bill by Mrs. Mary E. Martin against M. J. Jackson.  Decree for plaintiff, and defendant appeals.  Affirmed.

G. O. Chenault, of Albany, for appellant. Charles M. Sherrod, of Courtland, for appellee.

SOMERVILLE, J.  The bill is filed by Mrs. Martin, the appellee, to enjoin the foreclosure and effect the cancellation of a mortgage on her lands, jointly executed by her and her husband to secure a negotiable promissory note, also jointly executed by them, to one L. J. Howell, by whom both instruments were transferred by indorsement to Mrs. Jackson, the appellant. The bill alleges that the debts thus secured were the debts of complainant's husband, and that she was a mere surety therefor.  The answer asserts that the debts in question were in fact the obligations of the wife, the complainant, and also that respondent was a bona fide purchaser for value of the note and mortgage, in due course, and is therefore entitled to enforce them against complainant, in accordance with the decision of this court in Scott v. Taul, 115 Ala. 529, 22 South. 447.  To quote from the opinion of the chancellor: "The essential disputed points considered by the court are: Whose debt was the mortgage given to secure? and did Mrs. Jackson, the assignee, know whose debt it was?  While there may be evidence upon which a different conclusion may be based, upon the weight of the evidence the court resolves these questions in favor of the complainant."

We have examined and weighed the evidence quite carefully, and see no reason for disturbing the conclusion of the chancellor on either of the issues stated.  We are in fact reasonably satisfied that the complainant was not a primary obligor, joint or several, as to any of the original debts which entered into this note, and also that respondent knew that they were the obligations of complainant's husband, for which complainant was but a surety.  The law on this subject has been frequently discussed, and it would be a useless labor to undertake here a differentiation of the cases cited by appellant, in their relation to the facts of the instant case. See, however, Trotter Bros. v. Downs, 75 South. 906, ante, p. 158, where the law is fully stated.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.