(95 South. 475)

TAYLOR et al. v. THOMAS.    (2 Div. 732.)

(Supreme Court of Alabama. Nov. 9, 1923. Rehearing Granted Jan. 25, 1923.)

1. Appeal and error ⚸═1012(1)—Finding of fact by trial court on oral evidence not disturbed on appeal.

Findings of fact by the trial judge on oral evidence will not be disturbed on appeal, unless contrary to the great weight of testimony.

2. Mortgages ⚸═153—Innocent mortgagee entitled to same protection as innocent purchaser.

An innocent mortgagee of real estate for a cash loan consideration is the same in law as a vendee or purchaser of the absolute title, and is entitled to the protection against defects of deed to mortgagor which was voidable, but not void.

3. Mortgages ⚸═154(3)—Possession of land by third person at time of execution, notice to mortgagee of third person's claim.

The possession and control of land by a third person at the time a mortgage is executed is notice to the mortgagee of any claim, right, equity, or title of such third person.

4. Deeds ⚸═207—Evidence showed that complainant signed and acknowledged deed as gift.

In suit to cancel a deed for land alleged as intended to be a lease, signed in blank, to be filled out as per terms of a rent note given to complainant by her foster son and thereafter mortgaged by the son, evidence held to show it to be a gift to the son in consideration of an agreement to support or the payment to her of an annuity.

5. Husband and wife ⚸═184—Wife's deed not invalid because not signed by husband, where he abandoned her.

Where a husband has abandoned his wife, her deed to land is not invalid because not signed by him.

On Rehearing.

6. Appeal and error ⚸═753(2)—Decree affirmed, where error not assigned.

Where in suit to quiet title and have canceled a deed and mortgage on land, mortgagee

---

⚸═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 208 Ala. 315.      [2] 208 Ala. 394.      [3] 208 Ala. 315.

and another defendant appealed from an adverse decree, but mortgagee only assigned error, the decree will be affirmed as to the other defendant.

Miller and Somerville, JJ., dissenting in result.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Bill by C. C. Thomas against Gertrude Taylor and Charles Forman. Decree for complainant, and respondents appeal. Affirmed in part, and reversed and rendered in part.

I. I. Canterbury, of Linden, Pettus, Fuller & Lapsley, of Selma, and Hyde, Westbrook & Watson, of Chicago, Ill., for appellants.

A deed properly acknowledged should be set aside on the ground of fraud only where the evidence is clear, convincing, and conclusive, reaching a high degree of certainty, and leaving upon the mind no fair, just doubts. 172 Ala. 655, 55 South. 293; 167 Ala. 563, 52 South. 744; 85 Ala. 260, 4 South. 649; 66 Ala. 572; 109 U. S. 573, 3 Sup. Ct. 414, 27 L. Ed. 1036; 56 Iowa, 292, 9 N. W. 224; 146 N. C. 163, 59 S. E. 659; 118 Ky. 656, 82 S. W. 269; 11 Ohio St. 203, 78 Am. Dec. 303; 81 Kan. 76, 105 Pac. 34, 41 L. R. A. (N. S.) 1161. A subsequent purchaser is not charged with notice by reason of the fact that there was no charge in the tenancy of the land. 41 S. E. 609; 120 Ga. 735, 48 S. E. 229; 71 Iowa, 132, 32 N. W. 243. Where the husband has abandoned the wife, she can convey her property as if feme sole. 27 Conn. 14; 74 Tenn. (6 Lea) 488; 147 N. C. 479, 61 S. E. 372; 18 Ala. 307; 16 Ill. 277, 63 Am. Dec. 306; 10 Tex. 130, 60 Am. Dec. 200; 17 Tex. 613, 67 Am. Dec. 686; 41 Tex. 358; 41 South. 384.

Wm. Cunningham, of Linden, for appellee.

The deed was absolutely void, because its execution was induced by the false representations of E. E. Taylor as to its contents, and because it did not contain the name of the grantee. 73 Ala. 537; 104 Ala. 503, 16 South. 522, 53 Am. St. Rep. 77; 70 Ala. 249; 135 Ala. 516, 33 South. 331; 202 Ala. 291, 80 South. 356; 167 Ala. 453, 52 South. 425, Ann. Cas. 1912A, 537; 13 Cyc. 540; 8 R. C. L. 956. So long as Mrs. Thomas was in possession of the land, by herself or by tenant, Forman was put upon notice of her rights in the land. 192 Ala. 215, 68 South. 863; 147 Ala. 690, 40 South. 825; 176 Ala. 420, 58 South. 288; 187 Ala. 153, 65 South. 769. The deed was void, because not executed by the husband. Code 1907, § 4494; 112 Ala. 510, 20 South. 500; 116 Ala. 648, 22 South. 995; 154 Ala. 94, 45 South. 60; 200 Ala. 189, 75 South. 937.

209 ALA.—4

MILLER, J. This is a bill filed by Mrs. C. C. Thomas against Mrs. Gertrude Taylor and Charles Forman to remove and have canceled as a cloud on the title to the land of complainant a deed and mortgage. The deed purports to have been signed by complainant, and to convey to respondent Mrs. Taylor the land, 535 acres; and the mortgage was afterwards executed by Mrs. Taylor and her husband, E. E. Taylor, to respondent Forman to secure $3,000 cash borrowed by her from him.

The complainant claims the deed is void, and seeks to have it canceled and annulled because she rented the land to E. E. Taylor, husband of Mrs. Taylor, for $400 annually during her life, on September 9, 1916, beginning with year 1917; he gave her a rent note that day, and she signed a printed blank form without description of land or name of grantee therein, or consideration, to be filled out by him as a lease on the land to him as per terms of the rent note given her by him; that, instead of doing so, it was falsely filled out as a warranty deed, conveying the land to respondent Mrs. Gertrude Taylor, his wife; and that the deed is void also because on the day it purports to have been executed by her she was a married woman, and her husband, H. C. Thomas, did not join in the execution of the deed, and they were residents of Alabama, and he was of sound mind, had not abandoned her, and was not then under a conviction for crime for a period of two years; and, that deed being void, the defendant Forman could not be protected as an innocent purchaser or mortgagee.

The defendants deny that the deed and mortgage are void. They aver the deed was executed and delivered by complainant after it was fully filled out, or with authority for it to be, with full understanding between her and E. E. Taylor that it was a deed conveying the land to defendant Gertrude Taylor for a recited consideration of $1,000 cash and love and affection; and defendant Forman says he knew and heard of no other consideration until after this suit was filed, when he was informed that the true consideration of the deed was "the support and maintenance of complainant by E. E. Taylor for the balance of her life." The defendant Forman also pleads and answers that he is a bona fide mortgagee or purchaser of the land without any actual or constructive notice or knowledge of any matter or things set forth in the bill of complaint which would invalidate the deed; that Gertrude Taylor was in possession of the land under the deed when the mortgage was executed; and that H. C. Thomas, husband of complainant had abandoned her several months prior to the execution of the deed, and was not living with her at the time.

The court rendered decree granting the complainant the relief prayed for, declaring

the deed and the mortgage null and void as against the complainant, and directing that they be canceled on the record as invalid on the land of the complainant and thereby removed as a cloud on her title to the land.

This cause has been before us on decree overruling demurrers to the bill of complaint. 202 Ala. 291, 80 South. 356. The law applicable to the facts presented by the bill was there declared.

[1] All of the witnesses were examined orally in open court. E. E. Taylor, husband of Gertrude Taylor, died in February or March, 1917. Where the evidence in a cause is oral, the trial court having seen the witnesses and heard them testify, the finding of facts by the trial judge will not be disturbed by us, unless his conclusions are clearly contrary to the great weight of the testimony. Bell v. Blackshear, 206 Ala. 673, 91 South. 576, headnote 3; Thompson v. Collier, 170 Ala. 469, 54 South. 493.

"If a deed is void a subsequent innocent purchaser is not protected, but if it is merely voidable he is." 13 Cyc. 591. Barden v. Grace, 167 Ala. 455, 52 South. 426, Ann. Cas. 1912A, 537; "A deed without a grantee named therein is void." Barden v. Grace, 167 Ala. 456, 52 South. 426, Ann. Cas. 1912A, 537, 13 Cyc. 540.

However, in Barden v. Grace, 167 Ala. 456, 52 South. 426 (Ann. Cas. 1912A, 537) this court wrote:

"It is true that there are authorities to the effect that if a person signs a deed in which the space for the name of the grantee is blank, and authorizes some one as his agent to fill in the name of the grantee, and that person does fill it in with the name of the designated grantee, the deed will be valid. Allen v. Withrow [110 U. S. 119, 128]. But in this case there was no such agreement. Sandy thought he was selling to Shreve, and the deed was in fact taken by a man of straw, and subsequently filled in by the name of a man unknown to the grantor. It was consequently void, and the subsequent purchaser is not protected."

In this case on former appeal, Forman v. Thomas, 202 Ala. 291, 80 South. 356, this court held that the principle declared above had direct application to the facts averred and presented in this bill of complaint.

[2] An innocent mortgagee of real estate, for a cash loan consideration for the execution of the mortgage, is the same in law as a vendee or purchaser of the absolute title, and is entitled to the same protection. Alexander v. Livingston 206 Ala. 186, 89 South. 520, headnote 8; Coleman v. Smith, 55 Ala. 369; Rogers v. Adams, 66 Ala. 600.

The testimony of complainant and her witnesses indicate this deed was accidently discovered, and its contents first made known to her shortly after E. E. Taylor's death; and this suit was soon afterwards commenced. The complainant has been married twice. Her first husband was W. F. Perkins. This land belonged to him, and he conveyed it to her in 1887. They had no children. E. E. Taylor was his nephew, and was reared from youth to manhood by complainant and Mr. Perkins. The complainant is 73 years of age. She called E. E. Taylor "son." He was a lawyer; she trusted him with her business interests and looked to him for advice. He executed and delivered to her on September 9, 1916, a rent note for this land, by which he agreed to pay her on November 1, 1917, and on that date "each year thereafter as long as she shall live, four hundred dollars for rent of her land in Marengo Co., Ala.," and he agreed also "to pay all tax on the property and all insurance on the buildings."

This rent note and the deed bear the same date; they were executed at the same time and place, at her home; the rent note was written there, and U. Canterbury was a subscribing witness to both instruments. The eyewitnesses to the execution of the rent note and the deed were examined. Their testimony indicates a lease transaction in regard to the land between E. E. Taylor and complainant. The rent note was written, signed, and delivered by E. E. Taylor to complainant. The testimony of the witnesses present clearly indicate no deed was mentioned, but the instrument signed by complainant was to be a lease of the land; that it was partly blank, partly printed, with no name of the grantee therein when executed by her. E. E. Taylor was to be the lessee in it for the land at the annual rent of $400 during the life of complainant. This original deed is before us. It is a printed warranty form of deed. The description of the 535 acres of land is written in it with a typewriter. The other blank places are filled out in writing with pen and ink. The ink used to write in the blank places is different from the ink used by complainant and the subscribing witnesses in writing their names. The words "I, C. C. Thomas," in the body of the deed, are in different ink and handwriting from the other writings in the deed. The consideration mentioned in it is love and affection and $1,000. Gertrude Taylor is the grantee, and complainant is the grantor in it. A regular acknowledgment by complainant before a justice of the peace appears on the deed as if taken September 9, 1916. The undisputed evidence shows no acknowledgment was taken on that day. There is evidence that it was taken by the justice of the peace two or more weeks afterwards; and there is evidence to the contrary, that it was never taken at any time, and that it is a false certificate of acknowledgment. The evidence is in clear conflict as to whether there was any appearance before the officer, and whether there was any acknowledgment at all made. This was a question for the court to decide under the conflicting oral evidence of the witnesses before him. This court in Grider v. Am. Freehold Land & Mortg. Co.,

99 Ala. 291, 12 South. 779 (42 Am. St. Rep. 58) declared this rule:

"Upon due consideration, we are of opinion that the better rule, and the one sustained by the weight of authority, is, that when there has been no appearance before the officer, and no acknowledgment at all made, it may be shown in disproof of the officer's certificate, even against bona fide mortgagees and purchasers. We approve the rule as it is stated in 1 Am. & Eng. Encyc. of Law, p. 160, § 6: 'When there is no appearance before an officer, his false certificate of acknowledgment is void; but, when there is an appearance and acknowledgment of it in some manner, then the official certificate is conclusive of every fact appearing on its face; and evidence of what passed at the time of the acknowledgment is inadmissible to impeach the certificate, except in case of fraud or imposition, and where knowledge or notice of the fraud or imposition is brought home to the grantee.' This must be taken with the qualification, that the certificate is conclusive only of the facts the officer is by law authorized to certify."

It was referred to and cited with approval in Gilley v. Denman, 185 Ala. 568, 64 South. 97; Cox v. Somerville, 204 Ala. 261, 85 South. 525.

[3] There is evidence that points to the conclusion that this land was in the actual possession of complainant and her tenants when the deed was recorded, and when the mortgage was executed. The oral evidence is in conflict on this subject. It was a question for the court to decide under the conflicting oral evidence; and if the complainant and her tenants, and not Mrs. Taylor, were in the actual possession and control of the land when the mortgage was executed, then this would be notice to the mortgagee, Charles Forman, of any claim, right, equity, or title of complainant, notwithstanding the deed being on record. Possession of the land by complainant, if true, when the mortgage was executed, was sufficient to put the mortgagee on inquiry, which, if he had followed up, would have revealed her title to the land, that she owned the land, that E. E. Taylor was lessee and she was lessor after the year 1916 of the land, and that she was not a vendor and Mrs. Taylor was not a vendee of the land. If she was in actual possession of the land by herself and by her tenants when the mortgage was executed, the mortgagee would not be an innocent purchaser without notice. Shiff & Sons v. Andress, 147 Ala. 690, 40 South. 825; [1] Gewin v. Shields, 187 Ala. 153, 65 South. 769; Gainer v. Jones, 176 Ala. 408, 420, 58 South. 288.

While there is some evidence indicating that complainant conveyed this land to Mrs. Taylor in consideration of E. E. Taylor supporting her during the balance of her life, still we are convinced, after reading it carefully, that she intended to and did rent this land to E. E. Taylor for and during her life from 1917, as evidenced by the rent note written, signed, and delivered by him to her for $400 per annum; that the blank instrument under the agreement was to be filled out as a lease of the land by her to him according to the terms mentioned in the rent note; that it was signed in blank by her, to be filled in afterwards by him as a lease of the land by her to E. E. Taylor; and that, contrary to the agreement, and without her knowledge or authority, it was, after she signed it, filled out, and made a warranty deed conveying the land by her to Gertrude Taylor.

E. E. Taylor, the lawyer, nephew-in-law, trusted "son" and adviser of complainant, correspondent of George M. Forman & Co., and husband of Gertrude Taylor, is dead. His testimony cannot be obtained to shed any light on this transaction. Under the circumstances, it might be improper, and it is unnecessary, to quote the testimony and analyze the evidence to show how the court below and we have reached the conclusion that this deed is void, that it was signed by complainant in blank under agreement that it was to be filled in afterwards as a lease of the land by complainant to E. E. Taylor, and that contrary to the agreement it was filled in as a warranty deed conveying the land by her to Gertrude Taylor. These facts rendered the deed void under the principle of law declared in the case of Barden v. Grace, 167 Ala. 453, 52 South. 425, Ann. Cas. 1912A, 537, and which was approved in this cause on former appeal.

This deed being void, Charles Forman could not be an innocent purchaser or innocent mortgagee of the land from Gertrude Taylor, the grantee in the void deed. The void deed conveyed no title to the land to Gertrude Taylor; and she by the mortgage conveyed no interest in the land, secured through that deed, to Charles Forman. Barden v. Grace, 167 Ala. 453, 52 South. 425, Ann. Cas. 1912A, 537; Forman v. Thomas, 202 Ala. 291, 80 South. 356; Grider v. Am. F. L. & M. Co, 99 Ala. 281, headnote 2, 12 South. 775, 42 Am. St. Rep. 58.

The defendant Charles Forman insists that E. E. Taylor owned a reversionary interest in 100 acres of this land, that complainant had a life interest in it and that E. E. Taylor by the mortgage conveyed to him this reversionary interest in this land, and that the mortgage is a lien on it. It is true the defendant Forman introduced in evidence a certified copy from the records of a deed of complainant conveying to E. E. Taylor 100 acres of this land, which is particularly described, and reserving therein for herself an estate for and during the term of her natural life. Complainant testified she never executed any deed at any time to E. E. Taylor to any of this land. The valid-

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 147 Ala. 690.

ity of this deed is raised by the evidence. The bill of complaint does not seek the cancellation of this instrument as a cloud on the title. The bill avers "that on or prior to the 9th day of September, 1916, she [complainant] was seized and possessed of the following described tract of land," and then describes accurately the 535 acres by numbers. The defendant Charles Forman by his answer, which is adopted by defendant Mrs. Taylor, "admits that prior to the 9th day of September, 1916, the complainant owned the land described in section 3." This question was not properly presented by the pleadings, and if it was it could not be determined by this court now as the heirs or next of kin of E. E. Taylor would be necessary parties to test the validity of that deed made to E. E. Taylor in 1911, and they are not parties to this cause. So whether E. E. Taylor owned by a valid deed from complainant a reversionary interest in the 100 acres of land described in the certified copy of the deed introduced in evidence, and whether the mortgage of Charles Forman is a valid subsisting lien on it, is not before us for consideration in this cause.

The deed to Gertrude Taylor being void under the facts hereinbefore stated, it is unnecessary for us to decide whether it is also void because the husband of complainant did not assent and concur in the alienation of the land by signing the deed with her or by any other lawful way; and it is unnecessary for us to decide whether or not her husband had before then abandoned her, and, if so, his assent and concurrence in the alienation by her would not be needed to render the conveyance valid. Section 4494, Code 1907.

The witnesses were examined in open court. They were personally in the presence of the court, and the trial judge had superior opportunities to us for observing them. There is ample evidence to sustain his decree; it does not appear to be clearly wrong to us; it has the effect of a jury's verdict, and under the evidence should be approved. The decree should be in all respects affirmed, except the mortgage of Charles Forman should not be canceled on the reversionary interest of E. E. Taylor in the E. ½ of S. W. ¼ of section 8, and S. ½ of S. E. ¼ of N. W. ¼ of section 8, in township 15, range 6, in Marengo county, Ala., described in and conveyed by deed of complainant (then C. C. Perkins) to E. E. Taylor, dated April 27, 1911, as recorded in Record of Deeds SS on page 10, in the probate office of Marengo county, Ala.

Justice SOMERVILLE concurs with the writer in the foregoing views.

The views of the majority of the court are expressed in the following opinion:

PER CURIAM. A majority of the court, composed of ANDERSON, C. J., McCLEL-LAN, SAYRE, GARDNER, and THOMAS, JJ., are of the opinion and so hold, that the complainant is not entitled to relief, and the decree of the trial court is reversed, and one is here rendered dismissing the bill of complaint.

[4] They do not take issue as to the statement of law in the opinion of MILLER, J., but think that the great weight of the evidence shows that the complainant signed the deed and acknowledged same in the present condition, and which is therefore binding upon her. The acknowledgment and the evidence of the acknowledging officer are impeached only by the complainant and corroborated by disinterested witnesses, to the effect that complainant stated on several occasions that she had given her property to E. E. Taylor or his wife, with whom she was to make her home and who were to support or pay her an annuity, and she was so living with them, presumably under this agreement or understanding, at the time of the death of E. E. Taylor.

[5] There is no division in the court to the effect that the deed was invalid because not signed by complainant's husband, as the evidence shows that he had abandoned her when the deed was made.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN, SAYRE, GARDNER, and THOMAS, JJ., concur.

SOMERVILLE and MILLER, JJ., dissent.

On Rehearing.

PER CURIAM. After a careful examination of the record, the majority of the court adheres to its former ruling, that the deed from the complainant to Gertrude Taylor was not void, and that the trial court erred in canceling same, as well as the mortgage of Charles Forman, who we hold to be an innocent purchaser.

[6] It seems, however, that while Charles Forman and Gertrude Taylor appealed jointly and severally, the said Taylor has not assigned error, and as to her the decree must be affirmed. We therefore hold that the decree of the trial court is reversed in so far as it cancels the deed entirely as well as the mortgage of Charles Forman, and one is here rendered denying relief to this extent. In so far as the decree of the trial court affects Gertrude Taylor and cancels the deed, except as to the rights of Forman under his mortgage, the same must be affirmed.

Application for rehearing granted, and the decree of the circuit court is affirmed in part, and reversed and rendered in part, at the cost of the appellee.

ANDERSON, C. J., and McCLELLAN, SAYRE, GARDNER, and THOMAS, JJ., concur.