[No. 4817.]

STEPHEN WUNDERLIN v. JAMES J. CADOGAN ET AL.

DEED.—A deed which does not contain the name of a grantee is void as a conveyance, and if a person to whom it is thus delivered afterwards inserts the name of a grantee, such pretended grantee acquires no title, and purchasers from him, with notice, do not acquire title.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

Ejectment to recover a tract of land in the city of Oakland. The plaintiff, in his opening statement, said that Hayes and Caperton owned the demanded premises in 1855, and sold it to Samuel J. Clark, who paid a portion of the purchase-money down, and gave his notes for the balance; that the grantors gave Clark a deed, in which the name of the grantee was left blank; that Hayes and Caperton afterwards sued Clark on the notes, but before they recovered judgment, he, without the knowledge of Marshall, inserted

the name of Humphrey J. Marshall as grantee in the deed, and had it recorded. That H. and C. recovered judgment against Clark, and had the property sold on execution, and Wunderlin became the purchaser, but before he received a sheriff's deed, Marshall sold the property to defendant Cadogan, who had notice of the facts; that Cadogan had sold portions of it to the other defendants, who also bought with notice; that after the deed from Marshall to Cadogan was recorded, Hayes and Caperton conveyed to Wunderlin. At the close of the plaintiff's statement, defendant moved that he be nonsuited, because it appeared that the legal title was in the defendants, and that the plaintiff, at most, had only the equitable title which Clark had; or, in other words, a right to go into equity to compel a conveyance. The court granted the motion, and the plaintiff appealed.

*George W. Tyler*, for the Appellant.

*Provines & Johnson, and S. F. Gilcrest*, for the Respondents.

By the COURT:

In concluding that the title of the plaintiff was equitable merely, the court below must have overlooked the fact that Hayes and Caperton had conveyed the premises directly to the plaintiff. At the time that the latter conveyance was made, the legal title was in the grantors; for the instrument previously delivered by them to Clark (which is the pretended deed to Marshall) was void as a conveyance—there being no grantee mentioned therein.

Judgment reversed, and cause remanded for a new trial. Remittitur forthwith.