# Barden, *et al. v.* Grace.

*Bill to Set Aside Deed and to Cancel Cloud on Title.*

(Decided April 21, 1910. 52 South. 425.)

1. *Vendor and Purchaser; Bona Fide Purchaser.*—Subsequent innocent purchasers are not protected by a void deed, but if it is merely voidable they are protected.

2. *Deeds; Grantee; Necessity for.*—A deed without a grantee named thereon is void; if a grantor signs a deed leaving a space for the name of the grantee blank, and authorizes someone as his agent to fill in the name of the grantee, and the name of the designated grantee is put in by such authorized person, the deed will be valid, but if the blank is filled with the name of another, the deed is void.

APPEAL from Montgomery City Court.
Heard before Hon. WILLIAM H. THOMAS.

[Barden, et al. v. Grace.]

Bill by Sandy Grace and others against George R. Bardin and others, to have a deed set aside for fraud and cancelled as a cloud on title. Judgment for complainants and defendant appeals. Affirmed.

L. A. SANDERSON, for appellants. The transaction here shown is voidable only.—*Swift v. Fitzhun,* 9 Port. 79. A voidable deed is good in the hands of an innocent purchaser.—27 Cyc. 591; *Sprague v. Duell,* 11 N. Y. 480. A deed signed in blank and filled up when delivered is valid.—27 Cyc. 1086; 79 Am. Dec. 391; 27 Ill. 27; see also 53 Me. 89; 4 Ala. 720.

HILL, HILL & WHITING, for appellee. If the deed when signed by appellee did not contain a grantee, it is void.—10 Am. Rep. 266. Conveyance of property held adversely is void.—92 Ala. 559; 66 Ala. 526.

SIMPSON, J.—The original bill in this case was filed by Sandy Grace, one of the appellants, against J. H. Shreve and George R. Bardin, and afterwards amended by bringing in the other parties complainant and respondent. The bill seeks cancellation of certain deeds as clouds on the title of the complainants, and rests upon the allegations that the original complainant is an ignorant negro man; that about February 20, 1908, said Sandy Grace had several lots of land which he wished to sell, and was told by a negro—G. W. Smith —to go to said Shreve, who would purchase same; that he agreed with Shreve to sell the lots to him for $1,000, and Shreve was to prepare the papers; that the next day G. R. Bardin came to Sandy with the papers, stating that he and Shreve were in the same company; that the deed was signed by Sandy and his son, who had a half interest in the lots, with their wives, $100 was paid, and a note given for $900, which would be paid the fol-

lowing day, but, as that day was a legal holiday, Bardin put him off until the following Monday—February 24th —and that since that time it has been impossible to find Bardin; that Shreve denies receiving the deed; that complainant has since learned that when said deed was signed, no grantee was named therein, but subsequently the blank space was filled in with the name of C. T. Mallett, who had the deed recorded, and on February 28th said Mallett conveyed the lots to his wife for a recited consideration of $10, and on March 2d said Mallett and wife conveyed the property to the defendants W. W. Patrick and T. M. Beck.

The charge is that the entire transaction was a fraud practiced on complainant, in which all of the several purchasers conspired. Mallett claims that he gave $1,100 for the property and conveyed it to his wife, because $700 or $800 of the purchase money belonged to her, and that they sold it on March 2d for $750. It is evident that the entire transaction was a fraud, up to the time when Patrick and Beck purchased; but the evidence does not show that they participated in the fraud. They claim to be innocent purchasers.

The respondents, by their answers, rely entirely upon the facts of the transaction, denying the allegations of the bill, and do not, by any pleading, raise the question of estoppel, which should have been pleaded in this case, if available at all. The authorities hold that if a deed is void a subsequent innocent purchaser is not protected, but if it is merely voidable he is.—13 Cyc. 591. A deed without a grantee named therein is void.—13 Cyc. 540; *Allen v. Withrow,* 110 U. S. 119, 128, 3 Sup. Ct. 517, 28 L. Ed. 90; *Golden v. Hardesty,* 93 Iowa, 622, 61 N. W. 613; *Mickey v. Barton,* 194 Ill. 446, 62 N. E. 803, 806.

It is true that there are authorities to the effect that if a person signs a deed in which the space for the name of the grantee is blank, and authorizes some one as his agent to fill in the name of the grantee, and that person does fill it in with the name of the designated grantee, the deed will be valid.—*Allen v. Withrow, supra.* But in this case there was no such agreement. Sandy thought he was selling to Shreve, and the deed was in fact taken by a man of straw, and subsequently filled in by the name of a man unknown to the grantor. It was consequently void, and the subsequent purchaser is not protected. Sandy acted promptly, in placing the matter in the hands of his lawyer and having the suit commenced as soon as he discovered the fraud that was perpetrated on him. The evidence shows that the space for the name of the grantee was blank when the deed was signed.

The court properly found that the complainants were entitled to the relief prayed. The decree of the court is affirmed.

Affirmed.

Dowdell, C. J., and Anderson and Sayre, JJ., concur.