[Civ. No. 4601. Second Appellate District, Division Two.—September 30, 1927.]

J. M. TANNAHILL, Appellant, v. F. S. GREENING et al., Respondents.

J. R. Jaffray for Appellant.

Adair & Winder for Respondents.

PEAIRS, J., *pro tem.*—Plaintiff alleges that he was induced to make deeds, with grantee's name in blank, to properties described in this action and that the deeds were placed in escrow with one Mollie L. Ramey; that the name of Mollie L. Ramey was later written in as grantee and then erased and the name of F. S. Greening written instead, all without his authority or consent. The defendants admit the filling in of grantee's name in the deeds, but allege that both plaintiff and his wife were present and consented to the insertion of the name of F. S. Greening as grantee.

Bill of exceptions does not show either presence of plaintiff or consent in writing.

The defendants also allege that plaintiff later signed an agreement to transfer a certificate of water stock running with the land described in said deeds. Defendants further allege that plaintiff, after expressing dissatisfaction with aforesaid deal, accepted in full settlement of all claims against all defendants conveyance to him of certain properties in Canada, California, and New Mexico.

■ This court is compelled to rely upon the copies of pleadings, findings, judgment of the court, and bill of exceptions shown in the transcript for all statements of facts or evidence.

■ The law places the burden of proof with the plaintiff except as to his consent to the insertion of the name of grantee.

There are three points indicated by this bill of exceptions to which the court will give attention. First, whether a deed in which the grantee's name has been inserted without plaintiff's consent in writing, or not in his presence, is valid; second, the failure of appellant to express in what respect the evidence was insufficient to warrant certain designated findings; and third, plaintiff's title.

■ In regard to the first point, as it does not appear that the plaintiff was present when the grantee's name was inserted, nor that his consent was in writing, we think the deed is unquestionably void. In this connection we cite the following California cases: *Videau* v. *Griffin et al.*, 21 Cal. 390, 392, *Upton* v. *Archer*, 41 Cal. 85 [10 Am. Rep. 266], *Wunderlin* v. *Cadogan et al.*, 50 Cal. 613, *Harris* v. *Barlow et al.*, 180 Cal. 142 [179 Pac. 682], and *Jones* v. *Coulter*, 75 Cal. App. 540 [243 Pac. 487].

■ As to the second point, the insufficiency of the evidence to warrant the findings, the specifications refer to the findings by number, and in *Harris* v. *Duarte*, 141 Cal. 497, 499 [70 Pac. 298, 75 Pac. 58], former Chief Justice Beatty says: "A specification is sufficient when it points to a particular finding. . . . " This is also stated by Justice Olney in *Mills* v. *Brady*, 185 Cal. 317, 320 [196 Pac. 776]. In *Polkinghorn* v. *Riverside Portland Cement Co.*, 24 Cal. App. 615, at page 618 [142 Pac. 140], the correct rule is quoted, and again in *Calexico Lumber Co.* v. *Emerson*, 54 Cal. App.

239, at page 243 [201 Pac. 612], Justice Works says: " 'The moving party is required to set forth so much of the evidence (and no more) as may be necessary to explain the points specified in his statement or bill of exceptions; and when such statement or bill of exceptions is settled, it will be presumed that it contains all the evidence given in the cause, which was necessary to be stated, in order to explain the points specified; and that it would not have presented a different case in respect to the specified points, had it contained, also, the omitted evidence. It is desirable that counsel shall consider this point as settled.' "

The third point, defendant claims title and possession through plaintiff, therefore plaintiff need not prove his title (see *Strange* v. *Strange,* 23 Cal. App. 281 [137 Pac. 1104]).

Taking into consideration that the evidence quoted in the bill of exceptions relates directly to the findings numbers one and two, and that under the California cases cited above the specifications of insufficiency of evidence to justify the findings are in accordance with the requirements of the code, the appellant's contentions must be sustained.

Judgment reversed.

Works, P. J., and Thompson, J., concurred.