[L. A. No. 12510. In Bank.—April 30, 1934.]

KATE C. TROUT, Appellant, v. R. H. TAYLOR et al., Respondents.

[L. A. No. 12574. In Bank.—April 30, 1934.]

KATE C. TROUT, Respondent, v. R. H. TAYLOR et al., Defendants; R. P. ARCHER, Appellant.

Meserve, Mumper, Hughes & Robertson for Appellant Trout.

Tobias R. Archer for Appellant R. P. Archer.

Sherman & Sherman and Austin C. Sherman for Respondents R. H. Taylor et al.

THE COURT.—A hearing was granted in this case, on petitions of both plaintiff and defendant Archer, after decision by the District Court of Appeal, Fourth Appellate District. We now adopt, as part of our decision, the following portions of the opinion rendered therein by Mr. Justice *pro tem.* Morton.

"Plaintiff, an elderly woman, without business experience, and of very limited schooling and education, was induced by an agent of R. H. Taylor Corporation on April 18, 1927, to exchange her two acres located in Sawtelle, Los Angeles county, of a reasonable market value of $12,500, for 110 shares of Running Springs Park, Inc., having property in San Bernardino county. This stock was represented to her as having a value of $30,000 and she was assured that it would pay her $5,000 every six months commencing September 1, 1927, and until she had received $30,000. The

stock was in fact of no value whatever and paid no returns. The deed signed and acknowledged by plaintiff to her lots was in blank as to a grantee which was not discovered by her at the time. Subsequently the names of A. H. Taylor and Mae Taylor were inserted as grantees pursuant to certain alleged transactions with the R. H. Taylor Corporation, Inc. After recording the deed a trust deed was placed on lot 1 securing a promissory note for $4,000 in favor of the notary who took the acknowledgment of plaintiff's deed, and a trust deed was placed on lot 2 securing a promissory note for $3,000 in favor of the agent who induced plaintiff to enter into the deal. Both notes were sold to defendant R. P. Archer for $6,660. A. H. Taylor and wife defaulted on the $4,000 note secured by a trust deed on lot 1 and at the foreclosure sale defendant R. P. Archer bid in the property. They paid off the $3,000 note secured by the trust deed on lot 2 and thereafter executed a new note for $2,500 payable to L. E. Arnold secured by a trust deed on this lot. Since bidding in lot 1 defendant Archer has expended for assessments and taxes $521.51. On November 5, 1928, plaintiff served notice of rescission; she did not discover, however, that the deed executed by her was in blank until the taking of the deposition of R. H. Taylor on March 23, 1929. The trial court decreed the deed executed by plaintiff to be null and void and cancelled and held that no interest or title passed thereby. Defendant R. P. Archer was adjudged to be entitled in equity to the return of his $521.51, together with interest and also $4,611.16 with interest at 7 per cent from June 23, 1928, that being the amount due at the foreclosure sale of that date. To secure the payment of these amounts defendant R. P. Archer was awarded a lien against lot 1. Defendant L. E. Arnold was declared by the judgment to have a lien on lot 2 in the sum of $2,500, together with interest, less any amounts paid to him on principal or interest. Plaintiff is willing to repay to defendant Archer the $521.51 together with interest but appeals on the judgment roll from the Archer judgment for $4,611.16 with 7 per cent interest from June 23, 1928, and also the Arnold judgment of $2,500 plus interest. The court found that R. P. Archer and L. E. Arnold acted in good faith and relied on the record title. Because the grant deed to A. H. Taylor and wife was a nullity, plaintiff contends that neither R. P.

Archer nor L. E. Arnold acquired any title or lien on the property even though they acted in good faith, without knowledge of the fraud perpetrated, and relied on the record title. Instead of giving plaintiff judgment against all the defendants except Archer and Arnold for the amounts evidenced by the trust deeds, plaintiff maintains that this judgment should be in favor of Archer and Arnold and plaintiff's property decreed free of the two liens.

"Defendant Archer claiming to be an innocent purchaser files a separate appeal from the judgment denying his title to lot 1 and allowing him only a lien thereon. In this appeal the clerk's and reporter's transcripts bring before us the entire evidence. The two appeals have been consolidated and therefore they will be considered jointly here.

"The fraud of the defendants excluding Archer and Arnold has not been challenged so we turn our attention at once to the law of this state dealing with deeds executed in blank. In *Jones* v. *Coulter*, 75 Cal. App. 540, at page 547 [243 Pac. 487], the court held:

" 'There can be no doubt as to the utter invalidity of the instruments under which appellant's grantor, Meng, deraigned his purported title. The blank deeds signed by respondent and subsequently filled out under Neilson's direction, with Meng's name inserted as the purported grantee, were mere nullities. According to the great weight of authority, a deed executed in blank is void and passes no title. (*Wunderlin* v. *Cadogan*, 50 Cal. 613, and cases cited *infra*.) As was said in *Whitaker* v. *Miller*, 83 Ill. 381, "there must be, in every grant, a grantor, a grantee and a thing granted, and a deed wanting in either essential is absolutely void". In the instant case each of the instruments signed by respondent was wanting in all three of these essentials to a valid deed. Though the decisions of other jurisdictions are not in entire harmony upon the question, it has been definitely decided in this state that under our statute of frauds the name of the grantor or grantee or a description of the property cannot be inserted by an agent for the grantor, in the absence of the latter, unless the agent's authority be in writing. If the authority of the agent be not in writing, his insertion of the name of grantor or grantee or description of the property does not pass the title. (*Upton* v. *Archer*, 41 Cal. 85 [10 Am. Rep. 266]; *Vaca Valley etc. R. R.*

v. *Mansfield, supra* [84 Cal. 560 (24 Pac. 145)] ; *Harris* v. *Barlow*, 180 Cal. 142 [179 Pac. 682]. See, also, *Lund* v. *Thackery*, 18 S. D. 113 [99 N. W. 856].) In *Upton* v. *Archer, supra*, the court says: " . . . as it could not become the plaintiff's deed until the name of a grantee was inserted, that act could not be performed by an agent, in the absence of the plaintiff, unless his authority was in writing" '. (*Videau* v. *Griffin et al.*, 21 Cal. 390, 392; *Tannahill* v. *Greening*, 85 Cal. App. 714 [259 Pac. 1017] ; *Bardin* v. *Grace*, 167 Ala. 453 [52 So. 425, Ann. Cas. 1912A, 537].)

█ "In view of these authorities the conclusion is inescapable that the deed in question was not voidable but was void *in toto*, a nullity. The record shows no agency, and no authority, express or implied given by plaintiff to defendant R. H. Taylor. The findings state that she believed the name of R. H. Taylor Corporation as grantee was written in the deed when she signed and acknowledged it and that she was not aware it was blank as to the grantee. The question of agency is therefore not involved."

The trial court, as stated above, adjudged title to the properties to be in the plaintiff, subject to liens of the two parties who lent money thereon in good faith, to the extent of their expenditures. Defendant Archer objects to this determination of his rights, and claims full title as a *bona fide* purchaser, to the land which he bought at the foreclosure sale. Plaintiff attacks this position and objects to any payments save for the sums expended for taxes, etc.

█ Numerous authorities have established the rule that an instrument wholly void, such as an undelivered deed, a forged instrument, or a deed in blank, cannot be made the foundation of a good title, even under the equitable doctrine of *bona fide* purchase. (*Promis* v. *Duke*, 208 Cal. 420 [281 Pac. 613] ; *Gould* v. *Wise*, 97 Cal. 532 [32 Pac. 576, 33 Pac. 323] ; *Bardin* v. *Grace, supra*.) Consequently, the fact that defendant Archer acted in good faith in dealing with persons who apparently held legal title, is not in itself sufficient basis for relief. █ An innocent purchaser taking a void instrument can, however, find protection in the doctrine of estoppel, where circumstances are presented which establish negligence or some other misconduct by the other party, which contributed to the loss. Section 3543 of the Civil Code provides broadly that "where one of two innocent per-

sons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer''.

In this connection the court failed to find any negligence on the part of plaintiff, and in fact, expressly found that ''it is not true that plaintiff ought now to be estopped to urge said claims against defendant R. P. Archer, or against defendant L. E. Arnold, and it is not true that plaintiff was guilty of gross laches, or any laches''. There is no evidence in the record to warrant a different finding. The loss resulting from the fraud must fall, therefore, where the course of business has placed it. (*Security Mortgage Co.* v. *Delfs,* 47 Cal. App. 599 [191 Pac. 53] ; *Gould* v. *Wise, supra.*) Defendants Archer and Arnold must seek their recourse against the fraudulent defendants who occasioned the loss.

The judgment is therefore reversed with directions to the trial court to enter judgment in accordance with the views expressed in this opinion.