[L. A. No. 15195. In Bank.—March 17, 1936.]

ALICE C. BRYCE, Respondent, v. ROBERT T. O'BRIEN et al., Appellants.

Kibbey, Cooper & Dulin and Walter B. Kibbey for Appellants.

A. W. Brunton for Respondent.

WASTE, C. J.—The action is one to quiet title to real property, and involves the rights of the respective parties

as to claims arising under a forged deed, one signed by plaintiff but placed in the hands of another party with the name of the grantee left blank. Plaintiff, an elderly widow, was induced by one Ruark to execute a blank deed covering certain real property in order, he suggested to plaintiff, to facilitate his efforts in arranging its exchange for certain bonds. Instead, the document was improperly used, and the name of the defendant, O'Brien, a partner of Ruark, was inserted therein. He immediately sold the property to the defendants Dobry and Grondona, taking a trust deed thereon for one thousand dollars. This trust deed was subsequently transferred to the defendant Pacific Finance Corporation. The trial court gave judgment for the plaintiff, and the defendants appeal, their sole contention being that the evidence establishes an estoppel against plaintiff.

Appellants have not specified any errors committed by the trial court, and have not set out wherein the evidence is insufficient to support the findings and judgment. While it must therefore be assumed that the evidence does support the findings, all briefs in the case are in, and we have examined the evidence brought here in a bill of exceptions, the substance of which is set out in appellants' brief, and are of the view that it does not show an estoppel. In effect, it merely indicates that plaintiff was very gullible and careless in delivering a blank deed to Ruark. Under the decisions of this court, that is not sufficient to preclude plaintiff from recovering her property. An instrument wholly void, such as a deed in blank, cannot be made the foundation of a good title, even under the equitable doctrine of *bona fide* purchase. In such action, the mere fact that an encumbrancer acted in good faith in dealing with persons who apparently held the legal title is not in itself a sufficient basis for relief. For a decision in which this subject is exhaustively considered, see *Trout* v. *Taylor*, 220 Cal. 652 [32 Pac. (2d) 968].

The judgment and decree is therefore affirmed.

Shenk, J., Langdon, J., Curtis, J., and Seawell, J., concurred.