[Civ. No. 3128.    Fourth Dist.    Apr. 19, 1944.]

PETER I. ORLOFF, Respondent, v. CLEON MOSHER et al., Defendants; DOROTHY L. BROCKMAN et al., Appellants.

Paul Staniford and Walter H. Young for Appellants.

Chester R. Andrews for Respondent.

BARNARD, P. J.—This is an action in partition and to quiet title. The complaint alleged that a certain 160 acres of land in Fresno County was owned as joint tenants by the plaintiff and Cleon Mosher, who was formerly the wife of the plaintiff. About two months after the action was filed Cleon Mosher conveyed her interest in the property to the plaintiff and a supplemental complaint was filed alleging that fact. An answer and cross-complaint were filed by defendant Dorothy L. Brockman, who claimed to be the owner of 40 acres· of this land under a deed to her from Frank Pruher. Frank Pruher died and the administratrix of his estate was substituted as a defendant and filed an answer in which it was alleged that said estate is the owner of another 80 acres of the land.

At the conclusion of the plaintiff's case the defendant Brockman moved for a nonsuit. A ruling on this motion was reserved. The matter was not again called to the attention of the court and no ruling was made. Evidence was put in by the answering defendant and rebuttal evidence by the plaintiff followed.

The court found in all respects in favor of the plaintiff

and against the answering defendants. Among other things, it was found that the plaintiff and Cleon Mosher were the owners as joint tenants of the property in question; that Cleon Mosher had by deed conveyed her interest in the property to the plaintiff; that as a result of this conveyance a partition of said real property is not desirable or proper; that the plaintiff owns a fee simple title in and to said property; that no defendant or any other person has any title to or interest in said property; that on October 8, 1931, the plaintiff and the defendant Cleon Mosher, who then owned the property, went to the office of G. C. Harbolt, a duly licensed real estate broker in Los Angeles for the purpose of selling this real property; that Harbolt had informed them that he had a prospective purchaser; that a purchase price of $325 payable in cash was agreed upon between Harbolt and the Orloffs; that the plaintiff suggested that the delivery of the deed and payment of the purchase price should be made through a bank as escrow holder; that Harbolt objected on the ground that this would take too long and the buyer would not wait; that Harbolt suggested that he be the escrow holder, pointing out that he was a real estate broker and that it was customary for such brokers to act as escrow holders; that the Orloffs then consented that Harbolt should be the escrow holder on the condition that the deed should be left blank as to a grantee until the purchase price was paid in cash, that Harbolt would hold the deed in escrow until the purchase price was personally paid to the Orloffs, and that the insertion of the name of the grantee in the deed should take place in the presence and under the direction of the plaintiff after the full payment of the purchase price; that upon these conditions the Orloffs signed and left with Harbolt a deed to the property without any grantee being named therein and without acknowledging either of their signatures; that neither the plaintiff nor the defendant Mosher ever gave to any person any authority to complete, alter, deliver, record or otherwise deal with this deed in any manner other than as above set forth; that in violation of the escrow instructions, and without any authority from the plaintiff or the defendant Mosher, this deed was by some person completed by the forged insertion therein of the name of Frank Pruher as grantee and a false certificate of acknowledgment by a notary public was affixed to said deed; that as so completed by said forgery and by said false certificate of acknowledgment, and without being delivered by the

plaintiff or the defendant Mosher, and without any authority given by them said deed was recorded; that by reason of these facts said purported deed to said Frank Pruher was and is null and void; that no interest or title was thereby conveyed to the said Frank Pruher; that the plaintiff and the defendant Mosher had never acknowledged their signatures before a notary public or other officer authorized to take acknowledgments and had never authorized any person to insert the name of a grantee in said deed; that on December 21, 1931, said Pruher executed a deed purporting to convey 40 acres of said property to the said Brockman, which deed was recorded on December 26, 1931; and that on March 8, 1932, said Pruher signed a deed purporting to convey another 40 acres of this property, which is not material on this appeal, to one D. E. Phillips. As conclusions of law, it was found that the plaintiff is the owner in fee simple of the property in question and that neither the answering defendants nor any other person has any right, title or interest therein.

A judgment was entered quieting title to the property in the plaintiff and enjoining the defendants from claiming any interest therein. From this judgment the defendant Brockman and the defendant Wolfrum, as administratrix of the estate of Frank Pruher, have separately appealed.

It is first contended that the appellant Brockman's motion for a nonsuit should have been granted. It is argued that the original complaint stated a cause of action for partition as between the plaintiff and his former wife, Cleon Mosher, and that the filing of the supplemental complaint alleging a conveyance of Mrs. Mosher's interest to the respondent utterly destroyed this cause of action, leaving no issue properly before the court. This argument overlooks a number of issues which were raised. In addition to raising an issue as to partition between the respondent and his former wife, the complaint alleged that Frank Pruher and Dorothy L. Brockman claimed an interest in the property, that the extent of such interest, if any, was unknown to the plaintiff, and the prayer was that the interests of the several owners be ascertained and that a partition be had according to the respective rights of the various owners as ascertained by the court. While the complaint is not a model it raised an issue as to partition as between the plaintiff and the defendants Pruher and Brockman, and as an incident to the several issues of par-

tition it raised the further question of quieting title to the property. The defendant Brockman not only raised the issue of quieting title to 40 acres of the property in her answer but she filed a cross-complaint in which she sought to quiet her own title to that part of the property. The defendant Wolfrum, as administratrix, did not file a cross-complaint but in her answer she fully raised that issue and directly alleged that the plaintiff has no right, title or interest in or to any of the real property described in the complaint. In view of the remaining issues raised by the pleadings the trial court could not properly have granted the motion for a nonsuit.

The appellant Brockman next argues that the evidence is insufficient to support the finding that there was no grantee named in the deed from Orloff to Pruher when it was signed and left with Harbolt. It is argued that this finding rests on the testimony of the respondent, that this testimony was not corroborated and that it is, therefore, not sufficient to overcome the presumption of regularity arising from the deed with the official certificate of the notary public attached thereto. The appellant Wolfrum argues in this connection that the court erred in permitting the respondent to testify with respect to his conversations with Harbolt. We know of no rule of evidence which would prevent the respondent, in such a case as this, from testifying as to the circumstances under which he signed a deed which necessarily is the foundation for any title which may be claimed by the appellants. His testimony, which was accepted by the court, fully supports the findings made and an uncompleted deed, executed under such circumstances, is null and void unless other circumstances are present which permit the doctrine of estoppel to be invoked against the persons signing the deed. (*Trout* v. *Taylor*, 220 Cal. 652 [32 P.2d 968].)

Moreover, the respondent's testimony was somewhat corroborated by the reading into evidence of a written statement made by Frank Pruher, under oath, before the district attorney of Los Angeles County in 1932. While it was stipulated that in this statement Frank Pruher had not specifically mentioned any of the property involved in this action he stated therein that he was in Harbolt's office for some time; that Harbolt furnished him a room in which to live and gave him "whatever he felt like giving me"; that he knew nothing about the transactions in which he participated; that he was acting

"as a 'dummy' "; that he took title to a number of properties and then "deeded out" these properties; that he put no money in these properties and that he had no interest in them financially; and that he never knew what property he held title to. There is ample competent evidence to support the finding in question.

The appellant Wolfrum, as administratrix, further contends that the respondent was negligent and guilty of laches and should be held to be estopped from asserting his title to the land. It is argued that an innocent purchaser should be protected under such circumstances. This argument is not very convincing coming from the personal representative of Frank Pruher, who put nothing into the purchase of the land, claimed no interest therein, and allowed himself to be used in this manner. Moreover, it appears, without contradiction, that the respondent did not discover that anyone claimed any interest in the land until approximately a year after Pruher allowed his name to be inserted as grantee in the deed and after he, acting for Harbolt, had executed deeds to the appellant Brockman and to another party for portions of the land. The respondent testified that in 1932, while looking over a map, he saw the names of Dorothy L. Brockman and D. E. Phillips in connection with portions of this land and that he thereafter, without success, endeavored to locate these parties and ascertain what interest they had. No estoppel was pleaded and no real effort was made at the trial to establish facts sufficient to justify a holding of estoppel as against the respondent. If it be assumed that any evidence in the record would have supported such a finding the most that can be said is that a question of fact was presented and the implied finding of the court cannot be disturbed.

The appellant Wolfrum argues that the respondent's claim of title is barred by the statute of limitations, contending that the respondent should have brought an action for fraud within three years after he returned to Harbolt's office, a few days after October 8, 1931, and found that Harbolt had disappeared and that he was unable to get back the deed which he had executed in blank. The respondent has been presumptively in possession of the property (*Ward Redwood Co.* v. *Fortain,* 16 Cal.2d 34 [104 P.2d 813]), he was not compelled

12

to proceed against Harbolt through an action for fraud, and our attention is called to no statute of limitations which is applicable here.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.