[Civ. No. 4612.   Fourth Dist.   Mar. 27, 1953.]

ELMER ASP, Appellant, v. SALLY E. LOWRY et al., Defendants; PAUL J. BAKER, Respondent.

Musick & Burrell, James E. Ludlam and Richard T. Morrow for Appellant.

Maas & Nairn and Walter L. Maas, Jr., for Respondent.

GRIFFIN, J.—Plaintiff, assignee of Barker Bros. Corporation, on April 6, 1951, brought this action against Sally E. Lowry and Paul J. Baker, to recover possession of certain merchandise sold to defendant Lowry under a conditional sales contract. Lowry filed bankruptcy proceedings. The court stayed all proceedings in this action against her. The trial proceeded against defendant Baker.

Defendant Lowry bought approximately $7,000 worth of household furnishings and furnished her home in Bakersfield. Included among the items were floor coverings, drapes and

curtains. She became delinquent in her payments on the contract and decided to sell her home. She listed it with an agent and stated she would like to sell the floor coverings, drapes and curtains with the home. The agent informed her that it would be necessary to obtain the consent of the Barker Bros. Corporation since they were being bought on contract. She immediately contacted a Mr. Soderberg, who was an agent of the company. On May 18, 1950, she paid $500 on her account. There is a conflict in the evidence as to what was said in this conversation between the parties. Both were too ill to attend the trial and it was stipulated their testimony would be that set forth in a certain deposition, memoranda, and letters signed by them.

The purport of defendant Lowry's testimony is that she told Soderberg she was ill and had to sell her home; that she was not able to keep the furnishings bought on contract; that she put the house on the market and asked if it was all right to offer for sale the floor coverings, drapes and curtains along with the house since they were designed for it; that Soderberg said she might do so if the money so obtained from them was turned over to Barker Bros. Corporation to apply on the contract; that he informed her that in all probability she would have to take a loss on them; that they did not discuss a price because she did not know what they would bring; that Mr. Soderberg was to let her know how much Barker Bros. Corporation would have to have to release it; that he never let her know; that a purchaser for the property (defendant Paul J. Baker) came along and bought the home, including the floor coverings, for $20,000, and paid an additional $800 out of escrow to defendant Lowry for the drapes and curtains; and that a bill of sale was given by Lowry to Baker for these items. It was stipulated that the floor coverings, draperies and curtains altogether, had a value of $1,500, and that defendant Baker was an innocent purchaser without notice of Barker Bros. Corporation's claimed title.

The evidence produced by Soderberg is that in said conversation Mrs. Lowry expressed the desire to sell some of the furnishings listed in her contract of purchase; that he told her if Barker Bros. Corporation would be paid in full for those items at the time of sale or through escrow, she might sell them; that his memorandum made at the time indicated that she agreed to pay $2,060 before she would be authorized to sell the floor coverings, curtains and drapes,

and that a sum approximating that amount would be paid. His notes indicate that he told defendant Lowry that she should pay in full for the floor coverings, drapes and curtains, and that she said she might want to return some furniture; that he told her she would have to obtain an estimate from Barker Bros. Corporation on depreciation if it was turned back; that she said if and when the house was sold she would pay five or six months payments in advance on the contract and that she would contact the company about June 1, 1950. Subsequently, much of the furniture was repossessed under the contract.

After trial, the court found generally that the Barker Bros. Corporation was informed by Lowry that she proposed to sell the floor coverings, drapes and curtains, and that the company gave and imparted to her their express and unqualified authority to sell such merchandise; that such authority was given in reliance upon the promise of Lowry to pay to plaintiff's assignor any and all money she received out of such sale, but was not conditioned upon such payment actually being made; that in reliance upon such express authority Lowry did sell the property to Baker; that Baker paid her the reasonable value of the property and had no knowledge of any claim of the company to said property and at all times Baker was an innocent purchaser for value. The court concluded that the defendant Baker was the owner of and entitled to the possession of the property and that plaintiff had no right or interest therein. Judgment was entered accordingly.

It is plaintiff's contention that the evidence is insufficient to support the finding that there was any authority, express or implied, for Mrs. Lowry to sell any of the merchandise. In this connection it is argued that at most the evidence only shows that Mrs. Lowry contemplated the future sale of her house; that she might want to sell some of the merchandise covered by the contract of conditional sale if said arrangements could be made with Barker Bros. Corporation after she had found a purchaser for the house who might be interested in some of the furniture and furnishings; that in view of the provisions of the contract of sale, i.e., that if the buyer shall fail to comply with any terms or conditions of the contract or sell said merchandise ''without the written consent of the seller'' the seller may, at its option, exercise certain remedies, defendant Lowry was precluded from relying upon an oral consent when a written consent was re-

quired; that to hold such authority could be given in another manner would necessitate a modification of the terms of the written contract; and that to hold this provision of the contract may be orally waived would require a modification of the contract which may be accomplished only by a contract in writing or by an executed oral agreement.

■ It is respondent's position that Barker Bros. Corporation, by its oral agreement, actions and conduct, orally agreed that defendant Lowry could sell the property involved and that when it was sold she would pay them the amount of the selling price on the contract of purchase; that the furnishings were sold to an innocent third party for a valuable consideration under her ostensible authority so to do, and that the Barker Bros. Corporation thereby waived the right to written authority and was estopped from asserting its title; that the innocent purchaser's rights in such case do not depend on actual title or authority of the party with whom he deals directly, but are derived from the act of the real owner, which precludes it from disputing, as against the innocent purchaser, the existence of the title or power which, through negligence or mistaken confidence, it caused or allowed to appear to be vested in the party making the conveyance or sale, citing 10 California Jurisprudence, page 641, section 22; section 3543, Civil Code; and such cases as *J. G. Boswell Co.* v. *W. D. Felder & Co.*, 103 Cal.App.2d 767 [230 P.2d 386]; *Phelps* v. *American Mtg. Co.*, 40 Cal.App.2d 361 [104 P.2d 880]; and *California Standard Finance Corp.* v. *Riverside Finance Co.*, 111 Cal.App. 151 [295 P. 555].

The rule we must apply is that if there is any substantial evidence, although conflicting, supporting the court's finding, it is the duty of the reviewing court to consider it in the most favorable aspect toward the prevailing party and give that party the benefit of every inference that can be reasonably drawn in support of his claim. (*Cope* v. *Goble*, 39 Cal. App.2d 448 [103 P.2d 598].) Viewing the evidence in this light, it fully supports the court's finding that plaintiff's assignor did give defendant Lowry express verbal authority to sell the property in litigation to the purchaser of the Lowry home, who proved to be defendant Baker. Defendant Lowry did agree that, after the sale, she would turn over the proceeds thereof, whatever they might be, to apply on the contract. It was logical and obvious that Mrs. Lowry could not pay Barker Bros. Corporation the money representing the claimed value of the goods she sold to Baker,

before she received the money from him. According to Mrs. Lowry's testimony, her right to sell did not depend upon a determination of the amount she should obtain from the sale of the furnishings. The fact of the company's mistaken confidence in Mrs. Lowry in failing to turn over those proceeds, would not necessarily revoke her right and power of sale where she was clothed with the indicia of ownership and had the apparent power of disposition. Where a reasonable person would be led to believe, as did defendant Baker, that she was the owner of the property, and where the innocent third party parts with value in reliance thereon, the third party should be protected where the true owner is guilty of misplaced confidence amounting to negligence. ▮ Misplaced confidence may be held to be negligence within the meaning of the maxim set forth in section 3543 of the Civil Code, that where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer. This is particularly so where the true owner is estopped to assert its title against the innocent third party. (*Western States Accept. Corp.* v. *Bank of Italy,* 104 Cal. App. 19 [285 P. 340] ; *General Securities Corp.* v. *Reo Motor Car Co.,* 91 Cal.App. 16, 22 [266 P. 576] ; *Wendling Lbr. Co.* v. *Glenwood Lbr. Co.,* 54 Cal.App. 691 [202 P. 929] ; *Camerer* v. *California Sav. & Com. Bank,* 4 Cal.2d 159, 172 [48 P.2d 39, 100 A.L.R. 667] ; and cases above cited by defendant.)

▮ Plaintiff's claim that the company's right to retake the property could only be waived in writing is not tenable. There was no modification of the conditional sales agreement. The right to written consent to sell a portion of the furniture purchased under that agreement may be waived.

In *Bastanchury* v. *Times-Mirror Co.,* 68 Cal.App.2d 217 [156 P.2d 488], this court held that a waiver is the intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right, and may result from an express agreement or be inferred from circumstances indicating an intent to waive, and that one may waive a right given by contract or advantage of law intended for his benefit. See, also, *Knarston* v. *Manhattan Life Ins. Co.,* 140 Cal. 57 [73 P. 740] ; 6 California Jurisprudence, page 361, section 216, and cases cited.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.