[Civ. No. 5976.   Fourth Dist.   Nov. 20, 1959.]

ALICE R. GREEN, Respondent, v. WALTER N. MacADAM et al., Defendants; EDWARD G. KOSKIE et al., Appellants.

W. H. Weddell for Appellants.

Clyde Thomas and James L. King for Respondent.

MONROE, J. pro tem.*—The plaintiff brought this action to quiet title to 320 acres of real estate in San Bernardino County. The property is vacant, unimproved land which was acquired by plaintiff's husband by tax deed in 1943. The property was part of his estate and was distributed to plaintiff. She alleged that the title of the defendants was based upon a false and forged deed purporting to convey the property to the defendant Carol B. Bryson, which was recorded

---

*Assigned by Chairman of Judicial Council.

in June, 1954. The defendants Edward G. Koskie and wife, by answer, alleged that they were the owners of the property, denied generally the allegations of the complaint, and alleged that title was vested in them by a deed from Carol B. Bryson, recorded June 14, 1954. Defendants Koskie asserted that they were innocent purchasers of the property; that they had paid the entire purchase price thereof to defendant W. N. Mac-Adam, and claimed that the plaintiff had placed a deed to the property with MacAdam for the purpose of carrying forward plans for the sale of said property, and alleged that by having so clothed MacAdam with actual or ostensible authority plaintiff was estopped to question subsequent transfers. It was further alleged that plaintiff was guilty of laches in that she failed to take action until the summer of 1956, more than two years after the conveyance in question, during which time defendants Koskie had paid the balance of the purchase price of the property.

The trial court found the issues against the defendants and rendered its judgment in favor of the plaintiff quieting her title. From this judgment the defendants Koskie appeal.

Briefly stated, the facts, as established by the evidence and found by the trial court, are that the defendant MacAdam, an attorney at law, acted as attorney for plaintiff's husband and after the death of plaintiff's husband acted as attorney for plaintiff. After Mr. Green's death, MacAdam advised plaintiff that it would be to her best interests to permit him to completely manage the miscellaneous property left by her husband. He thereafter made some attempts to find purchasers. In April, 1954, MacAdam requested the plaintiff to sign several blank deeds stating in substance that they were for the purpose of use in effectuating a sale. Accordingly, plaintiff attached her signature to several blank forms of quitclaim deed which she left with MacAdam. This was done in April, 1954. In response to inquiry by plaintiff, MacAdam told her that the sale had not been effected. In June, 1954, MacAdam undertook to sell the property to Mr. and Mrs. Koskie. One of the blank deeds was filled out, purporting to convey the property to Carol B. Bryson, MacAdam's secretary, and was placed of record. MacAdam caused his secretary to execute a deed purporting to convey the property to Mr. and Mrs. Koskie. This procedure was for a total consideration of over $9,000. Mr. and Mrs. Koskie made a deposit with Mr. MacAdam of $250 on May 4, 1954, and paid the balance of their down-payment on May 11, 1954. They executed notes

secured by a trust deed on the property, in which Mr. Mac-Adam was named as "trustee," and the balance was paid in installments in June, 1955, July, 1956, and November, 1956. The total payments of principal and interest paid to Mac-Adam were $9,430.12. The down-payments were made while the property stood of record in the name of plaintiff, and the blank deed which was filled in and the deed of Carol B. Bryson to Mr. and Mrs. Koskie were both filed for record in June, 1954.

It was found by the trial court that plaintiff had no knowledge of the transactions with Mr. and Mrs. Koskie, or of the recording of the deed to Bryson until November of 1956. It appears that she acquired this knowledge as a result of an investigation made by the witness Donald O. Bircher, which was brought about because of his attempting to purchase other property which plaintiff acquired from her husband's estate and which likewise was involved in similar transactions by MacAdam.

The court found that the blank instrument signed by the plaintiff at the request of MacAdam did not contain the description of the property, did not contain the name of Bryson or any person as grantee, and was undated. The court found that the blank deed was left by plaintiff with MacAdam for the purpose of executing a sale of real property other than that described in the complaint to another person, and was signed by plaintiff upon representations made by MacAdam that it was for the purpose of completing another and different sale. The court found that MacAdam thereafter told plaintiff that he had been unable to complete such a sale. It was found that plaintiff did not leave the blank deed with MacAdam with an intention that he should use the same or fill it in for any other purpose than for completing the first proposed transaction which failed to materialize, and that she at no time authorized any transfer of title to Bryson nor authorized a sale to Mr. and Mrs. Koskie. Both the deed to Bryson and the Bryson deed to Mr. and Mrs. Koskie were quitclaim deeds.

Mr. MacAdam made no report to plaintiff of the sale to Mr. and Mrs. Koskie and paid none of the consideration to plaintiff, although he collected the entire amount thereof. The court further found that defendants Koskie did not know that the deed to Bryson was a blank deed, that they relied solely on representations of MacAdam, and made no independent search as to the title. The court found that neither

the defense of estoppel nor the defense of laches had been established.

No attempt is made to dispute the sufficiency of the evidence to support the findings. It is conceded by all parties that the actions of MacAdam were fraudulent both as to the plaintiff and as to Mr. and Mrs. Koskie. Although it is true that at the time the transaction was commenced the record title was in plaintiff and the notes and trust deed for the balance of the purchase price executed by Mr. and Mrs. Koskie were to "W. N. MacAdam, trustee," though he had no apparent record title, nevertheless the court was justified in finding that the defendants Mr. and Mrs. Koskie were innocent purchasers.

The appellants contend that they should be held to be the owners of the property as innocent purchasers thereof under the rule of the common law embodied in the Civil Code as section 3543, "Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer." It is contended that the misplaced confidence of plaintiff in placing the blank deeds in the possession and control of MacAdam was the equivalent of negligence within the meaning of the section, relying on *Meadows* v. *Hampton Live Stock Com. Co.*, 55 Cal.App.2d 634 [131 P.2d 591]; and *Asp* v. *Lowry*, 117 Cal.App.2d 81 [254 P.2d 967]; and cases therein cited.

This line of authority, however, is not decisive of the question involved in this action. Included are cases with respect to personal property and cases where either title was actually conveyed to an agent or he was in some fashion vested with the apparent ownership and control. None of the cases so relied upon involves a blank deed signed by the owner and thereafter filled in by someone else. A material distinction is to be found in the fact that by reason of the statute of frauds an authority to fill in and complete a conveyance transferring title to real estate must be in writing. ▆▆ The rule is thus stated in *Trout* v. *Taylor*, 220 Cal. 652 [32 P. 968]:

"According to the great weight of authority, a deed executed in blank is void and passes no title. (*Wunderlin* v. *Cadogan*, 50 Cal. 613, and cases cited, *infra*.) As was said in *Whitaker* v. *Miller*, 83 Ill. 381, 'there must be, in every grant, a grantor, a grantee and a thing granted, and a deed wanting in either essential is absolutely void.' In the instant case each of the instruments signed by respondent was wanting in all three of these essentials to a valid deed. Though the decisions

of other jurisdictions are not in entire harmony upon the question, it has been definitely decided in this state that under our statute of frauds the name of the grantor or grantee or a description of the property cannot be inserted by an agent for the grantor, in the absence of the latter, unless the agent's authority be in writing. If the authority of the agent be not in writing, his insertion of the name of grantor or grantee or description of the property does not pass the title.''

In that connection it was contended that because the defendant was an innocent purchaser his right to the property under the chain of title based upon the filled-in blank deed should be upheld. ▌ The court disposed of this argument in the following language:

''Numerous authorities have established the rule that an instrument wholly void, such as an undelivered deed, a forged instrument, or a deed in blank, cannot be made the foundation of a good title, even under the equitable doctrine of *bona fide* purchase. (*Promis* v. *Duke*, 208 Cal. 420 [281 P. 613]; *Gould* v. *Wise*, 97 Cal. 532 [32 P. 576, 33 P. 323]; *Bardin* v. *Grace, supra.*) (167 Ala. 453 [52 So. 425, Ann. Cas. 1912A, 537].) Consequently, the fact that defendant Archer acted in good faith in dealing with persons who apparently held legal title, is not in itself sufficient basis for relief. ▌ An innocent purchaser taking a void instrument can, however, find protection in the doctrine of estoppel, where circumstances are presented which establish negligence or some other misconduct by the other party, which contributed to the loss.'' (See also *Bryce* v. *O'Brien,* 5 Cal.2d 615 [55 P.2d 488].)

▌ The trial court in its findings specifically found that the plaintiff was not estopped, which finding necessarily implies that there was no negligence on plaintiff's part. The contention of the appellants, however, is that as a matter of law, the facts establish plaintiff's negligence. The only facts relied upon are: first, that plaintiff signed the blank deed and placed it in MacAdam's possession; and second, that she permitted MacAdam to retain the deed and did nothing about it for a period of over two years. In order to determine whether the trial court was justified in its findings and conclusions, certain facts must be considered. In the first place, Mr. MacAdam was acting as plaintiff's attorney, and in his capacity as attorney at law advised and requested her to sign the blank forms of quitclaim deed. He continued as her attorney until she discovered his actions and the purported sale to the defendants in November, 1956, at which time she discharged

him. Upon her inquiry as to the proposed sale for which these blank deeds had been signed, he told plaintiff that the sale had failed to materialize. He concealed from plaintiff all information relative to subsequent filling in and recording of the blank deed and the purported sale to the defendants. There was no evidence that plaintiff was negligent in employing him.

█ It is of course well established in California that the relationship of attorney and client is one of trust and confidence and that the attorney owes to his client all the obligations of a trustee. (*Cox* v. *Delmas*, 99 Cal. 104 [33 P. 836]; *Clark* v. *Millsap*, 197 Cal. 765 [242 P. 918].) █ Where there exists a trust relationship, any concealment of a material fact constitutes actual fraud. (12 Cal.Jur. 772, § 43.)

Under section 1962, subdivision 3 of the Code of Civil Procedure, estoppel is thus defined:

"Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it. . . ."

█ The rule is thus stated in 18 California Jurisprudence 2d, page 406, section 5:

". . . four things are essential to the application of the doctrine (of equitable estoppel): (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury."

It is true that it has been held that negligence satisfies the elements of knowledge. (*Parke* v. *Franciscus*, 194 Cal. 284 [228 P. 435].) It will be seen that under the law as laid down in the Trout case the mere signing of a blank form of deed is not sufficient to create an estoppel. In addition to that, there must be some active negligence and the only act relied upon is that plaintiff failed to anticipate that her attorney would make a fraudulent use of that instrument or would perpetrate a fraud upon her. █ In *Gioscio* v. *Lautenschlager*, 23 Cal.App.2d 616 [73 P.2d 1230] the court relied upon the rule thus stated in *Davis* v. *Davis*, 26 Cal. 23 [85 Am.Dec. 157], as follows:

" 'In order to constitute an equitable estoppel with respect to the title of property, it must appear that the party to be

estopped has made admissions or declarations, or done acts with the intention of deceiving the other party with regard to the title, or with such carelessness or culpable negligence as to amount to a constructive fraud, and that at the time of making the admissions or declarations, or doing the act, he was apprised of the true state of his own title, and that the other party was not only destitute of all knowledge of the true state of the title, but also of all convenient or ready means of acquiring such knowledge.' '' (See also *Burns* v. *Ross,* 190 Cal. 269 [212 P. 17].)

But the conclusive answer to the contentions of appellants lies in the fact that it was found by the court that an estoppel was not established, the fact being, as found by the court, that plaintiff had no knowledge of the wrongful acts, to question which it was sought that she be estopped. It necessarily followed, under the California decisions, that there must be proof and a finding of negligence on her part. Whether or not a person is negligent in failing to anticipate fraudulent actions by an attorney who represents her certainly presents a question of fact for the determination of the trial court. This court may not substitute its conclusion for that of the trial court.

As indicated in the Trout case, the defendants are not without adequate remedy at law but "must seek their recourse against the fraudulent defendants who occasioned the loss."

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.