81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re John W. EVANS and Patricia R. Evans, Debtors.
Alexander WEIR III, Bruce R. Weir, Carol J. Ashman and
Alexander Weir, Jr., Plaintiffs-Appellees,
v.
John W. EVANS, Defendant-Appellant.
 No. 94-56148.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1996.
Decided March 27, 1996.
 
 Before: SKOPIL, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John W. Evans appeals the district court's order affirming the bankruptcy court's grant of a $322,250 nondischargeable judgment against Evans. Evans contends that the bankruptcy court erred in concluding that the debts underlying the judgment are nondischargeable under 11 U.S.C. § 523. We affirm.
 
 1. Genie Commissions
 
 3
 Evans contends that the bankruptcy court erred in concluding that he was Weir's "fiduciary" for purposes of Weir's investments in Genie. We disagree. Under California law, an attorney who acts as an agent and who handles a client's funds has the same obligations and duties to that client as a trustee. See Cal.Civ.Code § 2322; Green v. MacAdam, 346 P.2d 474, 478 (Cal.App.1959); Rules of Professional Conduct 4-100. Here, Evans, Weir's attorney and agent, had control over the money Weir invested in Genie; Weir paid him to arrange the investments, including transmitting the funds to Genie. Thus, Evans was "act[ing] in a fiduciary capacity" (11 U.S.C. § 523(a)(4)) when he fraudulently failed to disclose the commissions he earned from the Genie transactions. See Ragsdale v. Haller, 780 F.2d 794, 796 (9th Cir.1986). The bankruptcy court therefore correctly concluded that Evans' debt for the undisclosed commissions is nondischargeable under 11 U.S.C. § 523(a)(4).
 
 
 4
 2. EME Limited Partnership/ESE A.G.
 
 
 5
 Evans argues that the bankruptcy court erred in finding him liable to Weir for the $280,000 Weir invested in EME/ESE, reasoning that he did not proximately cause Weir's losses. In addition, Evans contends that the resulting $280,000 debt is not nondischargeable under 11 U.S.C. § 523(a)(2) because Weir did not justifiably rely on Evans' misrepresentations when he invested in EME/ESE. We reject these contentions.
 
 
 6
 First, Evans wholly misrepresented the nature of the risks involved in investing in EME/ESE. The bankruptcy court did not commit clear error in finding that these misrepresentations, among others, proximately caused Weir to invest $280,000 in EME/ESE. See Hines v. United States, 60 F.3d 1442, 1451 (9th Cir.1995).
 
 
 7
 Second, Evans was Weir's friend and attorney and had assisted Weir with many investments over the years. The bankruptcy court did not commit clear error in finding that Weir justifiably relied on Evans' misrepresentations when he invested in EME/ESE. See In re Kirsh, 973 F.2d 1454, 1456 (9th Cir.1992).
 
 3. 20,000 Swiss francs
 
 8
 Finally, we reject Evans' contention that he did not intentionally convert 20,000 Swiss francs from Weir's account. The evidence established that Hambrick called Evans from Switzerland on August 17, 1986 to discuss an urgent request for additional money for Evans' account. This request "took the wind out of [Evans]." Two days later, 20,000 Swiss francs were transferred from Weir's account to Evans' personal account without Weir's knowledge or consent. The bankruptcy court did not err in inferring that Evans intentionally converted the 20,000 Swiss francs in order to support his failing account. Thus, the bankruptcy court properly concluded that this debt is nondischargeable under 11 U.S.C. § 523(a)(6).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3