MOLIPOPO MAILO, Plaintiff

v.

ROSALIA AUMAVAE, IOSEFO TALOLO, and AMERIKA
SAMOA BANK, Defendants

AMERIKA SAMOA BANK and IOSEFO TALOLO, Cross-
Claimants

v.

ROSALIA AUMAVAE, Cross-Defendant

High Court of American Samoa
Land and Titles Division

LT No. 3-95

September 24, 1996

Before RICHMOND, Associate Justice, and TAUANU'U, Chief Associate Judge.

Counsel:         For Plaintiff, Charles V. Ala'ilima
                      For Defendants/Cross-Claimants Iosefo Talolo and Amerika Samoa Bank, William H. Reardon
                      For Defendant/Cross-Defendant Rosalia Aumavae, Pro Se

Opinion and Order:

Plaintiff Molipopo Mailo ("Molipopo") brought this action to void a deed of land to defendant/cross-defendant Rosalia Aumavae ("Rosalia"), a mortgage of the land by Rosalia to defendant/cross-claimant Amerika Samoa Bank ("ASB"), foreclosure of the mortgage, and sale of the land to defendant/cross-claimant Iosefo Talolo ("Talolo"). We preliminarily enjoined consummation of the sale to maintain the status quo, pending the decision.

Molipopo, ASB and Talolo were present during the trial with their counsel. Rosalia was duly served with non-resident process on the cross-complaint but did not appear at the trial.

## FACTS

Molipopo is a 59-year old widow. In 1969, Molipopo and her husband acquired several acres of land, named "Seugaali'i," in Ili'ili, American Samoa, to assure her place to reside after his death. They registered the land with the Territorial Registrar as her individually owned land. Molipopo sold at least three 60x60-foot parcels of this land during ensuing years, principally to raise funds for immediate living expenses. She signed deeds prepared by the buyers, after full payment of the $3,000 purchase price, on these occasions. Thus, she at least has familiarity with deeds and other aspects of land transactions.

Rosalia is Molipopo's niece, and they shared a mother-daughter relationship, particularly at times during Rosalia's childhood. In 1989, Rosalia requested Malipopo to designate but not convey a portion of "Seugaali'i" on which Rosalia's brother could build a house upon returning from overseas. Molipopo pointed out an area adjacent to her store for this purpose. Rosalia contemporaneously gave Molipopo $1,000 for current living expenses. Molipopo also signed a paper on Rosalia's representation and her belief that

176

her signature would be used to obtain necessary permits for the construction. The paper was blank, except for nonessential printing.

Rosalia transformed the blank paper into a warranty deed of 0.25 acres of individually owned land, assertedly within "Seugaali'i," from Molipopo to her, dated September 28, 1990. Iosefa Tei, who was then Rosalia's co-worker at the American Samoa Government's Department of Public Safety and a notary public, executed an acknowledgement of Molipopo's signature, when in fact Molipopo did not appear before him for this purpose by his own admission.[1] The Territorial Registrar registered the deed, with both an internal description and an attached survey of the land, on October 30, 1990. ASB then loaned Rosalia $15,000, evidenced by her promissory note, dated November 23, 1990, and secured by a mortgage of the plot, dated January 15, 1991.

Rosalia defaulted on the loan repayment, and under the agreement, ASB foreclosed the mortgage nonjudicially. ASB obtained a resurvey during the foreclosure proceedings. ASB then learned that the plot as originally surveyed was entirely outside of any land owned by Molipopo and was actually located a substantial distance westward. It also learned that the plot as resurveyed bisected Molipopo's store.

When Molipopo found out about Rosalia's default, she sought ASB's assistance to save her property. She deposited $500 with ASB to further this effort. ASB apparently considered accepting Molipopo as the loan obligor, but ultimately made the executive decision that she was unable to assume the debt and foreclosure sale to another was necessary to protect its interests. ASB refunded the $500. Molipopo commenced this action after Talolo became the expectant purchaser of the land in 1994. Talolo is one of Molipopo's neighbors.

## DISCUSSION

---

[1] Besides further illustrating Rosalia's deceit in creating the deed, we also make special note of the notary's dishonesty. His notarial act falsely states that Molipopo personally appeared and acknowledged her signature. The acknowledgement is in the customary form. Although not statutorily required for the validity of deeds, acknowledgements are commonly used in deeds in this jurisdiction. False acknowledgements corrupt and mock the procedure and should not be tolerated. Unfortunately, unlike every other American jurisdiction, our Legislature has yet not seen fit to regulate notaries. As a result, notaries cannot be sanctioned, criminally or civilly, at least with any specifically directed statutory penalties.

■ A grantor cannot deed land he or she does not own. The deed in this case described land totally outside Molipopo's individually owned land. Reformation may be in order if this circumstance was, for example, a mistake. However, in this case, overriding factors are present. Molipopo signed a blank paper, which was procured by Rosalia's misrepresentations and later converted into a deed.

■ The traditional elements of actual fraud in contract or tort are (1) a false representation or concealment of a material fact, (2) made with knowledge of its falsity, (3) with the intent to induce the person to whom it is made to act upon it, and (4) such person acted in reliance upon the representation (5) to his damage. *See, e.g., Pinney & Topliff v. Chrysler Corp.*, 176 F. Supp. 801, 803 (S.D. Cal. 1959). If the fraud goes to the inception or execution of the agreement, so that promisor is deceived as to the nature of his act, and actually does not know what he is signing, mutual assent is lacking, and the agreement is void. *See, e.g., Development Bank v. Ilalio*, 5 A.S.R.2d 1 (Trial Div. 1987); *Trout v. Taylor*, 32 P.2d 968 (Cal. 1934); *Bryce v. O'Brien*, 55 P.2d 488 (Cal. 1936); *Green v. McAdam*, 346 P.2d 474 (Cal. App. 1959).

We are persuaded under the totality of evidence in this case that Rosalia took undue advantage of her familial relationship with Molipopo. Rosalia clearly and knowingly misrepresented the fact that she sought designated but not conveyed land for her returning brother's house and obtained Molipopo's signature for construction permits on blank paper. She wanted Molipopo to act upon her concealed purpose of acquiring title in her name to a portion of Molipopo's land. Molipopo acted in expectation of Rosalia's honest dealing and now faces loss of the falsely deeded plot.

We find no facts under the evidence showing that Molipopo either ratified the deed or is estopped from denying its validity as a result of her negligence, laches, or other cause. *See Green*, 346 P.2 at 478-79. We can only conclude that Molipopo was actually defrauded and that as between her and Rosalia the agreement is void.

■ Ordinarily, ASB would have intervening third person rights in this transaction. A mortgagee for value and without notice of any defect is entitled to protection as a bona fide encumbrancer. *See, generally,* Osbourne, *Law of Mortgages* at 316-35 (2d ed. 1971). Unquestionably, ASB gave value when it loaned Rosalia $15,000. Registration of the deed to Rosalia served to give all, including ASB, notice of the conveyance. A.S.C.A. § 37.0210(b); *Vaimoana v. Tuitasi*, 18 A.S.R.2d 88, 96 (Appellate Div. 1991).

However, as ASB later discovered, the land described was not the land

178

actually intended to be conveyed and mortgaged. Unless reformed, the deed conveyed nothing to Rosalia. We think that ASB was under a duty to ensure that land described in a deed and mortgage to secure a loan was actually owned by the mortgagor and, failing to inquire, is constructively notified of the defect and acted at its peril. *See National Resources, Inc. v. Wineberg*, 349 F.2d 685, 690 (9th Cir. 1965).

Moreover, since the deed was absolutely void by reason of Rosalia's fraud upon Molipopo, ASB is not protected as a bona fide encumbrancer, even though it acted in good faith. *See Trout*, 32 P.2d at 970; *Bryce*, 55 P.2d at 489.

ASB must seek recovery from Rosalia, who occasioned the fraudulent loss under the evidence before the court. *See Trout*, 32 P.2d at 970; *Green*, 346 P.2d at 479. Rosalia has been served with process and is in default on the cross-complaint. However, ASB has not yet moved for a default judgment against her. She was also not of record noticed of the trial. Accordingly, we can only leave the cross-complaint pending at this time.

## ORDER

1.  The deed by Molipopo to Rosalia, mortgage by Rosalia to ASB, foreclosure proceedings, and sale of the land by ASB to Talolo are void.

2.  The Clerk of Courts shall have a certified copy of the judgment registered with the Territorial Registrar.

3.  The cross-complaint by ASB against Rosalia remains pending.

It is so ordered. [4]

<hr>

[4] Editor's Note: *Mailo v. Aumavae*, 31 A.S.R.2d __ (Land & Titles Div. 1996)(order clarifying and amending part of opinion and order), amends the language of the first two paragraphs on this page.